## SUPREME COURT.

### POST AND BALDWIN agt. COLEMAN.

A statement made on confession of judgment, (*Code,* § 383,) "that on the 3d day of November instant, the defendant gave the plaintiffs a promissory note for the sum of $143,39, payable one day after date; that said note was given for a quantity of coal purchased of the plaintiffs for the use of the 'Brainard House,' that the defendant had been, and then was keeping." *Held,* that this was a sufficient statement of the facts out of which the indebtedness arose, to satisfy the requirements of the statute.

Where the confession declared the debt to be *justly due* to the plaintiffs, and although by the terms of the note it was not then *legally due,* yet the defendant made it so by the express terms of the confession of the judgment. The debt became *merged* in the judgment.

Where the defendant signed his name at the close or bottom of the *verification* which immediately followed the statement and confession of judgment instead of signing the statement, *held,* that it was a substantial compliance with the statute.

It is no valid objection to the regularity of such a judgment that the statement was verified before one of the *plaintiffs' attorneys.* This rule does not apply to affidavits preparatory to the commencement of a suit. There is no suit *pending* at the time of taking such an affidavit.

*Otsego Special Term, Nov.* 1853. Motion to set aside the judgment entered by confession in this action, for irregularity.

MR. HATHAWAY, *for Defendant.*
MR. KONKLE, *for Plaintiffs.*

CRIPPEN, Justice. The first ground relied upon is, that the statement in the judgment roll does not set forth the facts out of which the indebtedness arose with sufficient certainty or

Post and Baldwin agt. Coleman.

particularity : and also that it does not show that the sum was justly due, or to become due. ·

The statute requires that the confession shall concisely state the facts out of which the indebtedness arose, and that the sum for which the judgment is confessed is justly due, or to become due. § 383 *of Code, sub.* 2.

The statement in the confession in this case sets forth, that on the 3rd day of November instant, the defendant gave the plantiffs a promissory note for the sum of $143,39, payable one day after date ; that said note was given for a quantity of coal purchased of the plaintiffs for the use of the " Brainard House," that the defendant had been, and then was keeping.

This plain, simple statement, it seems to me, is quite sufficient to satisfy the requirements of the statute. When the plaintiffs furnished the coal for the Brainard House, the defendant was the keeper of said house. The defendant gave his note to the plaintiffs for the coal thus furnished by them. It is true, the statement omits to say in direct and positive language that the defendant purchased the coal of the plaintiffs ; it is urged, therefore, that it might have been purchased by some other person than the defendant. No matter whether the defendant or some one else made the purchase, it was made for the use of the Brainard House, which the defendant had been, and was then keeping ; the plain, common sense and meaning, as well as the legal effect of which is, that the coal was purchased for the defendant, and that he, and no one else was liable to, or should pay therefor. The fact that he gave his note to the plaintiffs for the price of the coal is conclusive that it was purchased for the defendant. I entertain no doubt that the statement is sufficiently certain and specific.

The statement also sets forth that the judgment is confessed for a debt justly due to the plaintiffs, arising upon the following facts. Then follows the statement of the note given on the 3d day of November; the amount thereof, the time when payable, and the facts out of which the indebtedness arose, as above mentioned. If the original consideration and the facts out of which the indebtedness arose sufficiently appear, then

Post and Baldwin agt. Coleman.

the objection that the statement does not show that the debt was justly due to the plaintiffs must be unfounded. The defendant himself asserts it to be justly due to the plaintiffs in the present tense, not in the future,—that it will become due at some future period. It is insisted that the note described in the statement or confession was not due at the time the confession was made on the 4th day of November. The note bears date on the day previous; it was made payable on the 4th, the next day after its date. The law, beyond all doubt, gave the defendant three days of grace after the 4th day of November in which to pay the note. No one, however, will seriously contend that the defendant did not possess the power of changing the time of payment, and making the debt presently due. If the demand or indebtedness had continued to rest in the note, its payment could not have been enforced until the expiration of the days of grace ; but the debt became merged in the judgment confessed subsequent to the giving of the note, and thereby made due immediately. The defendant could waive the time of payment fixed by the note, and make the debt due at once, or at any time when the parties might agree that it should fall due. The language used in the confession sufficiently shows that it was not the intention of the parties to secure a demand to become due at some future time. The confession declares the debt to be due, and justly due to the plaintiffs, and although by the terms of the note it was not then legally due, yet the defendants made it so by the express terms of the confession of the judgment.

The second ground of irregularity insisted upon is, that the statement in the roll is not signed by the defendant.

The statute requires that a statement in writing shall be made, signed by the defendant, and verified by his oath, &c. § 383 of Code.

Immediately after the statement of the defendant authorizing the entry of judgment, the amount, the facts out of which the indebtedness arose, and that the demand was justly due to the plaintiffs, follows the verification in the usual form, signed by the defendant, with the jurat of the officer.

Post and Baldwin agt. Coleman

It is urged and insisted that the defendant should have signed the statement above the verification, and also the affidavit.

After a careful examination of this point, I have very little doubt that the signature of the defendant to the verification or affidavit which follows the statement is a sufficient signing of the statement to answer the demands of the law. If the name of the defendant had been signed above the affidavit, and not below it, the verification would have been a legal one. An affidavit beginning with the name of the party making it, and appearing to have been duly sworn to, although not signed with the name of the party, is sufficient. Haff agt. Spicer, (3 *Caines*, 190;) Jackson agt. Virgil, (3 *Johnson's Rep.* 540.) According to these authorities, the affidavit did not require the signature of the defendant to make it legal; no instrument, therefore, requiring the signature of the defendant intervened between his signature and the statement of confession; the affidavit no doubt is sufficient without such signature. I am unable to perceive any good reason for deciding that the signature of the defendant at the close or bottom of the verification which immediately follows the statement and confession of judgment, is not a substantial compliance with the statute.

The third ground of objection to the regularity of the judgment is, that the statement on which the judgment is rendered was verified before one of the plaintiffs' attorneys.

The rule which excludes the attorney from taking the affidavit in an action is merely technical. This is the language of the chancellor in the case of The People agt. Spaulding, (2 *Paige R.* 327.) It has never in this state been extended beyond the case of the attorney on record. It must also be made before an attorney in a suit pending at the time. Varey agt. Godfrey, (6 *Cowen Rep.* 587;) it does not apply to affidavits preparatory to the commencement of a suit. The court refused to extend the rule to counsel in the cause. Millard agt. Judd, (15 *Johnson*, 531,) and in Hallenbeck agt. Whitaker, (17 *Johnson*, 2,) the court decided that the rule did not extend to the partner of the attorney on record, although he was interested in the profits of the business.

At the time the affidavit was made by the defendant before Mr. Konkle, no suit or action was pending. It does not affirmatively appear that the statement and affidavit were drawn up by Konkle after he or his partner were retained as attorneys to enter up the judgment.

The court is not called upon to indulge in mere inferences to make out a fact in order to sustain a technicality, where no fraud is charged and where no substantial right has been invaded.

At the time the affidavit was made before Mr. Konkle, no action had been commenced; he was not then the attorney of record of the plaintiffs, and there is no evidence that he was then even employed to act as the plaintiffs' attorney in perfecting a judgment on the confession.

My conclusion, therefore, upon this point, is, that it affords no sufficient reason for setting aside the plaintiffs' judgment.

The next and last ground for the motion is, that the execution issued on the judgment should be set aside, because the debt was not due at the time it issued.

This question has already been considered under the first point raised upon the argument; therefore, I shall spend no further time in again discussing it.

In any view that I have been able to take of the questions raised upon the argument, I have been led to the conclusion that the motion should be denied.

The clerk of Chemung County on filing the motion papers, is, therefore, directed to enter an order denying the motion, with $10 costs.

NOTE.—It is stated in the note to Harlow agt. Hamilton and wife, and Moore, *How. Pr. R.*, 6 *vol. p.* 480, that in that case, " a motion was afterward made, under section 247, for judgment on account of the frivolousness of the answer, and was granted by the judge." The defendant, Anna Maria Hamilton, appealed from this judgment to the general term of the fourth district, and after argument, the judgment was *reversed*, at the St. Lawrence General Term, Sept., 1853.