## SUPREME COURT.

JOSHUA R. PURDY agt. GEORGE UPTON.

JOHN J. MARSHALL agt. GEORGE UPTON.

On confession of judgment in pursuance of § 383 of the Code, where the affidavit and written statement are upon the same page, and the signature of the defendant is to the affidavit only, it is a substantial compliance with that section.

The written *statement*, upon which the judgment is entered, must state all the material facts out of which the indebtedness arose with the same particu-

larity as if the judgment was impeached and assailed by a bill filed for that purpose. It is not enough to state one or two facts, such as the amount due and the general nature of the debt.

If a debtor may conceal the name of his original creditor, and the nature of the contract out of which the indebtedness arose, and the price or value of the property which forms the subject of the legal obligation, there is no value to be attached to the provision of the Code, in reference to the confession of judgments.

*Westchester Special Term, March,* 1855.

J. J. CLAPP, *for Margaret Smith.*

J. E. BEERS, *for plaintiffs.*

BROWN, Justice. This is an application by Margaret Smith, a judgment creditor of George Upton, to set aside the judgments entered by confession in each of the above entitled actions. The questions involved are similar, or nearly so, and may with propriety be determined together. The affidavit and the written statement in each action are both upon the same page, and the signature is to the affidavit, and not to the statement and affidavit separately. So far as the signature is concerned, there is a substantial compliance with § 383 of the Code.

The second subdivision of the section requires that if the judgment be confessed " for money due, or to become due, the written statement upon which the judgment is entered must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due." The purpose of this provision is obvious. It is to prevent fraudulent or pretended judgments, by furnishing and putting upon record, for the information of the other creditors of the judgment debtor, all the facts and circumstances which create and constitute the legal obligation, which we denominate a debt, and for which the judgment is entered. The facts are furnished to the end that they may become the subject of inquiry and examination, and their truth ascertained; and if found to be untrue, that they may be disproved, and the judgment founded upon them overturned and set aside. It is not

enough to state one fact, or two facts—such as the amount due, and the general nature of the debt; but all the material facts out of which the indebtedness arose, must be given with the same particularity as if the judgment was impeached and assailed by a bill filed for that purpose. If the statute demands less than this, I do not read it aright.

The written statement in the case of *Joshua Purdy* agt. *George Upton,* expresses the amount to be $300, and that it is justly due. So far it is all right. It then sets forth that it arose upon the following facts:—"For lumber and building materials, furnished by the plaintiff to the defendant." It gives no time, no place, no quantity, no price or value, of the property furnished; and, more than all that, it does not say upon what contract the lumber and materials were furnished—whether the defendant took it as purchaser or bailee. It may have been furnished upon a contract of sale, or upon a contract to transport and carry from one place to another, or upon some contract to be sold by the defendant as the factor or agent of the plaintiff. The time, the place, the quantity, the price, or fair value, may not be indispensable requisites to make the statement effectual to support the judgment. But surely the creditors of the defendant have a right to know whether he took the property upon a contract of sale, and became liable by reason of that fact, or whether he took it upon some other contract, and became liable upon some other fact.

The statement does not disclose all the material facts out of which the indebtedness accrued. Some of them are withheld. The manner in which the defendant became possessed of the lumber and materials, is the foundation of the indebtedness, and creditors, with just claims to satisfaction out of the property charged with the lien of the judgments confessed, are entitled to know what it was. Without this information—which is entirely, if not exclusively, within the knowledge of the plaintiff and the defendant—they may not be able successfully to investigate the truth of the written statement, or the *bona fides* of the transaction which created the alleged indebtedness.

In the case of *John J. Marshall* agt. *George Upton,* the state-

ment is quite as defective. The amount there is also set down at $300, and is said to have accrued " for goods and groceries, and for one horse and one cow, delivered to the said George Upton, the payment of which, to the amount of $300, is now due to said Marshall." Here, also, time, place, quantity, and price or value, is wanting. How much for goods and groceries, how much for the horse, and how much for the cow, under what circumstances, and upon what contract were they delivered to Upton, does not appear. It is not said they were sold to him. The statement does not assert by whom the property was delivered. It is not said to have been delivered by John J. Marshall. It may have been delivered by some other person, and Marshall may hold and claim as assignee, or as the representative, of some deceased creditor.

I do not mean to say that a judgment confessed to A. for a debt originally due to B., may not bind the parties and the creditors of the judgment debtor; but I do say, and insist, that if the debt was originally due to B., and he holds by assignment or as representative; or if it be confessed to A. for the benefit of B., that fact should not be concealed from the other creditors. They have a right, at least, to know who was the original creditor. In the absence of such information, they have no means, or very limited means, to investigate the justness and fairness of the debt. I see no possible value to be attached to the provision of the Code to which I have referred, if the debtor can conceal the name of his original creditor, and the nature of the contract out of which the indebtedness for which the judgment confessd arose, and the price or value of the property which forms the subject of the legal obligation.

I am of opinion that both the judgments must be set aside, with $10 costs in each case.