## SUPREME COURT

### JOHN P. BEEKMAN, administrator of WILLIAM BARTHROP, deceased agt. WILLIAM KIRK.

Judgment on confession was made by defendant for $4,165.40, and the *statement* of indebtedness given on this wise : " The indebtedness arose on a judgment in the supreme court of the state of New-York, in favor of Edward Bain, Lucas Hoes and William Bain, against William Kirk and Joseph J. Bullis, and as-signed to said plaintiff, and also on a bond, executed by William Kirk and Jo-seph J. Bullis, to the said William Barthrop in his lifetime, dated the 22d day of May, 1838, for the sum of $2,000 ; both of which securities were given for money borrowed by the defendant; and that the sum confessed was justly due to the plaintiff without any fraud whatever."

*Held*, insufficient.   As to the judgment first mentioned in the statement, what was

Beekman, administrator agt. Kirk.

the amount of the loan or for what sum, or when the judgment was recovered, or whether anything remained due upon it, does not appear.

The statement in respect to the other ground of indebtedness is less defective, but is insufficient; it is not stated what amount remained due upon the bond.

The general *assignee* (for the benefit of creditors) of a judgment debtor, has not such a standing in court as entitles him to question the validity of the judgment. It is only a judgment creditor, or one claiming under him, that is authorized to invoke the summary exercise of the equitable jurisdiction of the court to set aside an illegal or fraudulent judgment; a creditor at large cannot be heard. (*See Lowber* agt. *The Mayor, &c., of New-York, ante, page* 123.)

The assignee, as *assignee*, represents the debtor himself, with whom it does not lie to take advantage of his own statement. As *trustee*, the assignee represents the creditors at large, who do not occupy a position to question the validity of the judgment.

*Albany, Special Term, June,* 1857.

MOTION to set aside judgment by confession.

On the 31st of December, 1856, the defendant signed a statement, and verified the same by his oath, whereby he confessed himself to be indebted to the plaintiff in the sum of $4,165.40, and authorized him to enter judgment thereon for that amount. It was stated, that " the indebtedness arose on a judgment in the supreme court of the state of New-York, in favor of Edward Bain, Lucas Hoes and William Bain, against William Kirk and · Joseph J. Bullis, and assigned to said plaintiff, and also on a bond, executed by William Kirk and Joseph J. Bullis to the said William Barthrop, in his lifetime, dated the 22d day of May, 1838, for the sum of $2,000; both of which securities were given for money borrowed by the defendant; and that the sum confessed was justly due to the plaintiff without any fraud whatever."

Upon this statement, judgment was entered in the office of the clerk of Columbia, on the 25th of April, for the amount confessed, with five dollars costs.

On the 4th day of May, 1857, the defendant executed and delivered to Jonathan. B. Rider, an assignment of all his property in trust, for the payment of his debts.

The *assignee* moved to set aside the judgment, on the ground that the facts out of which the alleged indebtedness arose, do not sufficiently appear in the statement upon which it was entered.

Beekman, administrator agt. Kirk.

JOHN H. REYNOLDS, *for motion.*
JOHN K. PORTER, *opposed.*

HARRIS, Justice.   It now appears, from the affidavits read in opposition to this motion, that in January, 1843, the defendant and Joseph J. Bullis were indebted to the estate of Bastian Bain, deceased, in the sum of $1,765.06, for money loaned to them by the executors of that estate, for which sum a judgment was confessed and entered in the supreme court; that on the 17th of May, 1844, the executors duly assigned the judgment to Edward Bain ; and that he, on the 2d day of September, in the same year, assigned the judgment to the plaintiff; and that at the time this judgment was confessed, there remained due upon the former judgment the sum of $1,817.64, with interest from the first of May, 1856.

It further appears, that on the 22d of May, 1838, William Barthrop loaned to the defendant and Bullis, the sum of $2,000, for which they executed a bond with a warrant of attorney to confess judgment, upon which judgment was entered in the supreme court.   On the 21st of March, 1849, another judgment by confession was entered up in favor of John P. Beekman, administrator, &c., against the defendant, for the same amount, upon which last-mentioned judgment there remained due the sum of $2,262.94.

Had these facts, however briefly stated, appeared in the statement upon which the judgment in question was founded, the case would have been relieved of all difficulty.   But instead of this, the only information we can derive from the statement as to the origin of the debt, is, that Edward Bain and others once recovered a judgment in the supreme court against the defendant and Bullis, for money borrowed by the defendant. What was the amount of the loan or for what sum, or when the judgment was recovered, or whether anything remained due upon it, does not appear.   The statement in respect to the other ground of indebtedness is less defective, but even this is insufficient.   It is stated, that on a specified day the defendant and Bullis executed their bond to William Barthrop, in his

Beekman, administrator agt. Kirk.

lifetime, for $2,000 borrowed money, but it is not stated what amount remained due upon this bond. The whole statement is defective, and were this the only question in the case, I should feel constrained to grant the motion.

But it is insisted that the *assignee* of the defendant has not such a standing in court as entitles him to question the validity of the judgment. I think this position must be sustained. The court, undoubtedly, has a general jurisdiction over its own judgments and process. As between conflicting judgment creditors, it may set aside one judgment or postpone its lien to that of another. Indeed, I suppose that it is competent for the court to secure to a purchaser under its process, the right he has acquired. But it is only a judgment creditor, or one claiming under him, that is authorized to invoke the summary exercise of the equitable jurisdiction of the court to set aside an illegal or fraudulent judgment. A creditor at large cannot be heard. (*See Wintringham* agt. *Wintringham*, 20 *John.* 296.)

As against the debtor, the judgment is valid. It does not lie with him to take advantage of the defect in his own statement. The object of the statute, as all know, was to guard against fraud and to aid creditors in its detection. The debtor himself needs no such protection or aid. When he makes a voluntary assignment, he substitutes the *assignee* for himself. As *assignee*, he represents the debtor, and as *trustee*, he represents the creditors at large. We have seen that neither debtor nor the creditors at large occupy a position which enables them to question the validity of the judgment. It follows that the voluntary assignee cannot be heard on that question. (*See Searing* agt. *Brinckerhoff*, 5 *John. Ch.* 329 ; *Griffin* agt. *Mitchell*, 2 *Cowen*, 548.) Upon this ground, the motion must be denied, but as the question is new, it should be without costs.