## SUPREME COURT.

VALENTINE FRELIGH agt. JAMES D. BRINK and NOAH SNIDER.

A confession of judgment was made on a statement which reads as follows: "The above indebtedness arose on a promissory note made by the defendants to the plaintiff, dated June 21st, 1854, in the sum of seven hundred dollars with interest; that amount of money being had by the defendants of the plaintiff, and upon which there is this day due the sum of seven hundred and eighty-two dollars and seven cents; together with eighty dollars and forty-one cents, now due the plaintiff from the defendants as costs in an action brought against the defendants by the plaintiff on said promissory note, in the supreme court, which suit is now discontinued by the plaintiff upon this confession of judgment to him by the defendants."

*Held*, that the statement was wholly inadequate to sustain the judgment. The motion to set the judgment aside granted, with $10 costs,

*Orange Special Term, June,* 1858.

MOTION to set aside judgment by confession.

SCHOONMAKER & WESTBROOK, *for the motion.*

E. WHITAKER, *contra.*

BROWN, Justice.   Jeremiah Russell, a judgment creditor of the defendants, Brink & Snider, moves to set aside the judgment entered by confession in this action, for the insufficiency of the statement, which is in the following words : " The above indebtedness arose on a promissory note made by the defendants to the plaintiff, dated June 21st, 1854, in the sum of seven hundred dollars, with interest, that amount of money being had by the defendants of the plaintiff, and upon which there is this day due the sum of seven hundred and eighty-two dollars and seven cents, together with eighty dollars and forty-one cents, now due the plaintiff from the defendants as costs in an action brought against the defendants by the plaintiff on said promissory note, in the supreme court, which suit is now discontinued by the plaintiff upon this confession of judgment to him by the defendants."

So much of the statement as refers to the promissory note as the fact out of which the debt arose, is of no avail to sustain the judgment upon the authority of the case of *Chappell* agt. *Chappell*, (2 *Kernan*, 215,) for the reason there given that the note is but presumptive evidence of the debt, and not the debt itself, which arose out of facts *dehors* the instrument, and antecedent to or simultaneous with its execution.   The reference to the note is immediately followed by the words, " that amount of money being had by the defendants of the plaintiff."   And the force and validity of the judgment would seem to depend solely upon the sufficiency of the fact therein stated. The case of *Chappell* agt. *Chappell*, is also authority for the construction that " the object of the statute is to improve the condition of other creditors by compelling parties to spread upon the record a more particular and specific statement of the facts out of which the indebtedness arose, thus enabling them by a comparison of that statement with the known circumstances and relations of the debtor, to form a more accurate opinion as to his integrity in confessing the judgment than was possible under the former system."   In *Dunham* agt. *Waterman*, (6 *Abbott's Pr. Reps.* 357,) the court of appeals also determined that section 383 of the Code was designed to require by

implication what the act to prevent abuses in the practice of the law, &c., passed April 21st, 1818, required by express words; that is to say, a particular statement and specification of the nature and consideration of the debt or demand, and in case such demand should arise upon a note, bond or other specialty, that the origin and consideration of the same should be particularly set forth. *Lawless* agt. *Hackett*, (16 *John. Rep.* 149,) arose under the act of 1818, and it was there held that a statement as general as the common counts in a declaration was not sufficient. In *Dunham* agt. *Waterman*, the statement was a note given upon settlement of accounts, which was held insufficient, and the doctrine was re-asserted that a statement as general as the common counts was insufficient to sustain the judgment. The account stated, and the *indebitatus assumpsit* for money had and received, &c., were both common counts under the old forms of pleading, and we have seen that a statement of a debt as general, as either is ineffectual to sustain a judgment by confession. The language of the statement in this case is quite as general and is indeed substantially the same, as the language of the count for money had and received, and falls within the principle of the two cases to which I have referred. To say: " that amount of money being had by the defendants of the plaintiff," without saying when and in what sums had or under what circumstances, and for what objects or purposes,—whether as a gift or a loan, or for money collected and misapplied, or in payment of property not delivered, or upon any other contract which the defendants failed to execute, is to withhold and conceal from the other creditors of the defendants the most material facts out of which the debt arose. Suppose the statement had said that the sum of seven hundred dollars was for so much money paid by the plaintiff for the defendants, without saying in what sums, at what times, to what persons, or for what objects and purposes, could it have been regarded as sufficient? Would it have furnished the creditors with any useful information? And would not such a lean and narrow statement have been a clear and pal-

pable evasion of the spirit of the statute as construed and expounded by the court of appeals ?

Regarding the statement as wholly inadequate to sustain the judgment, the motion to set it aside is granted with ten dollars costs to the moving party.