# SUPREME COURT.

## CLAFLIN & SALTERS agt. RUFUS SANGER.

A statement on confession of judgment, made substantially in the following form, was *held insufficient:* "promissory note for a specified date and amount, which note was given to L. W. & Co., for goods, wares and merchandise theretofore purchased of L. W. & Co., by the defendant, which note was indorsed by the debtor, and came into the hands of the plaintiffs for a valuable consideration."

*New - York Special Term, August,* 1859.
MOTION to set aside judgment on confession.

JOHN H. McCUNN, *for motion.*
I. T. WILLIAMS, *opposed.*

INGRAHAM, Justice. This motion is made by a judgment creditor of the defendant to set aside the judgment in this case for a defect in the statement of indebtedness. The judgment was entered on a confession. The statement of the indebtedness was as follows : "promissory note for a specified date and amount, which note was given to L. W. & Co., for goods, wares and merchandise theretofore purchased of L. W. & Co., by the defendant, which note was indorsed by the debtor and came into the hands of the plaintiffs for a valuable consideration."

The objection to this statement is, that it does not state the facts out of which the indebtedness arose. In all the cases it is conceded that the object of the statute was to compel the debtor to disclose so much of the transaction out of which the indebtedness arose as to enable the creditor to form a more accurate opinion as to the integrity of the debtor in confessing the judgment, and for this purpose to compel the parties to spread on the record a particular and specific statement of the

Claflin & Salters agt. Sanger.

facts out of which the indebtedness arose. (*Chappel* agt. *Chappel*, 2 *Kernan*, 215.)

The precise question, as presented in this case, appears to have been passed upon by the general term in this district, in *Moody* agt. *Townsend* (3 *Abb*. 375). ROOSEVELT, J., in that case says, " A general allegation, that the judgment was for goods sold and delivered," is not a compliance with the requirements of the statute.

In *Freligh* agt. *Brink et al*. (16 *How. Pr. Rep. p.* 272),BROWN, J., held that a statement, which averred the indebtedness to rise on a note for $700, that amount of money being had by the defendant of the plaintiff, and which was due, was insufficient. In *Stebbins* agt. *The Methodist Episcopal Church* (12 *Howard Pr. R.* 410), SMITH, J., held that a statement of indebtedness for money lent and advanced by the plaintiff to the defendant, and which had been used to pay his debts, was insufficient, because it did not state when the money was lent, in what sums and at what times.

In *Lockwood* agt. *Finn et al*. (13 *Howard Pr. Rep. p.* 418), ROSEKRANS, J., held that a statement that the indebtedness for goods, wares and merchandise sold and delivered by the plaintiff to the defendant, since a specified date, was insufficient, because it did not set forth what kind of goods, &c., were sold, nor how much, nor at what time. That it did not point to any particular transaction to which other creditors could direct their inquiries.

In *Beekman* agt. *Kirk* (15 *Howard Pr. Rep. p.* 228), HARRIS, J., held that a statement of indebtedness, in a judgment recovered on a bond given for money borrowed by the defendant, was defective for want of disclosing the amount of the loan or when the judgment was recovered. (*See also* 17 *N. Y. R. p.* 9.)

There are many other cases which might be cited of a similar character, but the above are amply sufficient to show that the views entertained by the judges in these cases, when applied to the present case, would condemn the statement as insufficient and defective. I will only add one

more, made by the general term of this district. In *Davis* agt. *Morris* (21 *Barb. p.* 152), MITCHELL, P. J., held a statement of indebtedness, to be for money lent and advanced at divers times by the plaintiff to the defendant, from 1853 to date, was insufficient.

These decisions, two of which are by the general term of this district, are controlling upon this question, notwithstanding there are some few cases of a contrary tenor, by the judges at special term in other districts, such as *Post* agt. *Coleman* (9 *Howard Pr. R. p.* 64).

The plaintiffs in this action were not the original creditors by whom the goods were sold, and it was suggested that less particularity was required from them than would be from the the persons to whom the debt was orignally due.

There is no distinction made in the statute, and there is no good reason shown for making any such distinction.

The statement is to be made by the debtor and not the creditor, and he can as well state the particulars in one case as the other. He knows the particular transaction out of which the indebtedness arose, and he can state it as easily after the claim has been transferred to a third person, as he could before the transfer.

The motion to set aside the judgment, as to the creditor making this motion, must be granted.