## CLAFLIN *a.* SANGER.

*Supreme Court, First District; General Term, February,* 1860.

CONFESSION OF JUDGMENT.—STATEMENT OF INDEBTEDNESS ON NOTE.

A statement for judgment by confession, that the indebtedness arose on a promissory note of specified date and amount, which note was given to parties named, for goods theretofore bought by defendant, which note was indorsed by the debtor, and came into the hands of the plaintiff for a valuable consideration— is insufficient.

There is no distinction in respect to the particularity of statement required, between the case of a confession of judgment to the original creditor, and that of a confession to a subsequent owner of the demand.

Appeal from an order setting aside a judgment.

Andrew S. Stone and others recovered in this court on the 30th day of January, 1858, a judgment against Rufus Sanger (the defendant above named) for $3,389.19, on which an execution was issued, and returned unsatisfied. Subsequently, and on May 25, 1859, judgment in the above-entitled action for $1,572.06, was entered upon a confession in the following form:

" A promissory note (for a specified date and amount), which note was given to Loeschigh, Wesendonck & Co., for goods, wares, and merchandise theretofore purchased of Loeschigh, Wesendonck & Co. by the defendant; which note was indorsed by the debtor, and came into the hands of the plaintiffs for a valuable consideration."

An execution was issued in this action on May 25, 1859, and a levy made thereupon; and an execution in the case of Stone *a.* Sanger was issued on May 26, 1859.

A motion was made on behalf of Stone, &c., at special term, on August 19, 1859, before INGRAHAM, J., to set aside the execution in this action, and the levy thereunder, as against the execution in the case of Stone *a.* Sanger, on the ground that the statement in the confession was insufficient, which motion

was granted (9 *Ante*, 214), and from the order entered on that motion this appeal was taken.

*J. T. Williams*, for the appellant.—I. The Code requires (§ 383, subd. 2) that the affidavit "state concisely the facts out of which the debt arose, and show that the sum confessed therefor is justly due."

This same statute requires that a complaint contain " a plain and concise statement of facts constituting a cause of action."

It is therefore plain, from the letter of the statute, that what would be sufficient in a complaint, would also be sufficient in a confession.

It is still plainer, that from the spirit of the statute, the reason of it, the nature of the evil to be guarded against, the danger of, or exposure to such evil, that at least no more is required in a confession than in a complaint,

For the following reasons:

1. The affidavit to a complaint may be sworn to on information and belief, by a party who knows only from hearing.

The affidavit to the confession must be sworn to positively, and of a party's own knowledge.

2. The affidavit to a complaint is sworn to by a party who is swearing money into his pocket.

The affidavit to a confession is sworn to by a party who is swearing money out of his pocket.

3. If parties desire to commit fraud, and procure a fraudulent judgment, it is done much easier by a complaint than by a confession,

In the following respects:

The complaint may be sworn to by a party or his agent, on information and belief; the defendant has only to direct an attorney to offer judgment under section 385, and a judgment, unquestionably valid, is entered on the spot. This is a speedier and more convenient method, and since the decision in this case at special term is, I understand, most generally adopted by the profession.

II. Compare the sworn statement in the present case with the requirements of a complaint as settled in the case of Allen *a.* Patterson (3 *Seld.*, 476).

III. The decision of the special term in this case entirely

nullifies the provisions of the Code for the confessions of judg-
ments. It would not be possible to state any thing not here
stated. It will be observed that nearly two years intervened
between the purchase of the goods and the giving of the note.
If the defendant had gone into the store of Loeschigh, We-
sendonck & Co., on the 11th day of September, 1857, and
bought a quantity of goods, and the amount of them had been
footed up upon the slate, or loose ·piece of paper, and they had
amounted to just the sum of $1,565.94, and he had given his
note at four months for the same, and had taken the goods and
carried them away to his own store, and sold them, all this
would have been in due course of business, and the court can-
not presume this was not the case; and if, on the 25th day of
May, 1859, he had been called on to confess a judgment upon
the note so given, is there one single fact that could throw light
upon the *bona fides* of the transaction that can reasonably be
presumed to be within his memory, that is not narrated in
this confession?

IV. As a matter of authority, the decision of the ·special
term is contrary to law. Chappel *a.* Chappel (2 *Kern.,* 215) is
the full extent to which the Court of Appeals have gone.
Moody *a.* Townsend, a special-term decision (3 *Abbotts' Pr.,*
375), is the full length the Supreme Court has gone. The former
case is in nowise in point; and it is insisted that the latter does
not sustain the order appealed from in this case. While the
decisions holding a different doctrine than that contended for in
this action, are Johnson *a.* McAusland, a general-term decision
of this district (9 *Abbotts' Pr.,* 214); Manchester *a.* Preston (14
*How. Pr.,* 21); Delaware *a.* Ensign (21 *Barb.,* 85); Park *a.*
Church (5 *How. Pr.,* 381); Schoolcraft *a.* Thompson (9 *Ib.,*
61); Mann *a.* Savage (7 *Ib.,* 449); Whitney *a.* Kenyon (7 *Ib.,*
458); Post *a.* Coleman (9 *Ib.,* 64); Freligh *a.* Brink (18 *Ib.,* 89).

*John H. McCunn,* for the respondents.—I. The statement is
clearly insufficient. The only attempt to show the facts out of
which the indebtedness arose is, that the "note was given for
goods, wares, and merchandise theretofore purchased of Loe-
schigh, Wesendonck & Co. by the defendants." There is no
statement of what kind of goods were purchased, nor at what
time or price, nor what quantity; nothing from which the cred-

itor can form an opinion as to the integrity of the debtor in confessing the judgment.

For this purpose the courts have uniformly required the parties to spread upon the record a specific and particular statement of the facts out of which the indebtedness arose. (Chappel a. Chappel, 2 *Kern.*, 215; Moody a. Townsend, 3 *Abbotts' Pr*, 375; Davis a. Morris, 21 *Barb.*, 152; Winnebrenner a. Edgerton, 17 *How. Pr.*, 363; S. C., 8 *Abbotts' Pr.*, 419; Stebbins a. M. E. Church, 12 *How. Pr.*, 410; Lockwood a. Finn, 13 *Ib.*, 418; see also 23 *Barb.*, 652; Beekman a. Kirk, 15 *How. Pr.*, 228; Freligh a. Brink, 16 *Ib.*, 272; Dunham a. Waterman, 6 *Abbotts' Pr.*, 337; S. C., 17 *N. Y.*, 9.)

II. The same degree of conciseness and particularity is required in a statement for a confession, whether the plaintiffs be third parties or the original parties to the indebtedness. The statute makes no distinction, and none has ever been recognized by the courts. The debtor, not the creditor, makes the statement, and there is no reason why he should not make it as full and particular in the one case as in the other. It is in his power so to do, and the court will always require him to do it, in order to prevent fraud; justice and public policy require that no other or different course should be permitted. (*Code*, § 383.)

The Court* affirmed the order, adopting as theirs the opinion of INGRAHAM, J., rendered at special term, which was as follows:

INGRAHAM, J.—This motion is made by a judgment-creditor of the defendant to set aside the judgment in this case for a defect in the statement of indebtedness. The judgment was entered on a confession. The statement of the indebtedness was as follows: " a promissory note (for a specified date and amount), which note was given to L., W. & Co., for goods, wares, and merchandise theretofore purchased of L., W. & Co. by the defendant, which note was indorsed by the debtor, and came into the hands of the plaintiffs for a valuable consideration."

---

* Present, LEONARD, BONNEY, and SUTHERLAND, JJ.

The objection to this statement is, that it does not state the facts out of which the indebtedness arose. In all the cases it is conceded that the object of the statute was, to compel the debtor to disclose so much of the transaction out of which the indebtedness arose as to enable the creditor to form a more accurate opinion as to the integrity of the debtor in confessing the judgment; and for this purpose to compel the parties to spread on the record a particular and specific statement of the facts out of which the indebtedness arose. (Chappel *a.* Chappel, 2 *Kern.*, 215.)

The precise question, as presented in this case, appears to have been passed upon, by the general term in this district, in Moody *a.* Townsend (3 *Abbotts' Pr.*, 375). ROOSEVELT, J., in that case says: "A general allegation, that the judgment was for goods sold and delivered," is not a compliance with the requirements of the statute.

In Freligh *a.* Brink (16 *How. Pr.*, 272), BROWN, J., held that a statement which averred the indebtedness to arise on a note for $700, that amount of money being had by the defendant of the plaintiff, and which was due, was insufficient. In Stebbins *a.* Methodist Episcopal Church (12 *Ib.*, 410), SMITH, J., held that a statement of indebtedness for money lent and advanced by the plaintiff to the defendant, and which had been used to pay his debts, was insufficient, because it did not state when the money was lent, in what sums, and at what times.

In Lockwood *a.* Finn *et al.* (13 *How. Pr.*, 418), ROSEKRANS, J., held that a statement that the indebtedness for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant since a specified date, was insufficient, because it did not set forth what kind of goods, &c., were sold, nor how much, nor at what time. That it did not point to any particular transaction to which other creditors could direct their inquiries.

In Beekman *a.* Kirk (15 *How. Pr.*, 228), HARRIS, J., held that a statement of indebtedness, in a judgment recovered on a bond given for money borrowed by the defendant, was defective for want of disclosing the amount of the loan or when the judgment was recovered. (See, also, 17 *N. Y.*, 9.)

There are many other cases which might be cited, of a similar character, but the above are amply sufficient to show that

the views entertained by the judges in these cases, when applied to the present case, would condemn the statement as insufficient and defective. I will only add one more made by the general term of this district. In Davis *a.* Morris (21 *Barb.*, 152), MITCHELL, P. J., held a statement of indebtedness, to be for money lent and advanced at divers times by the plaintiff to the defendant, from 1853 to date, was insufficient.

These decisions, two of which are by the general term of this district, are controlling upon this question, notwithstanding there are some few cases of a contrary tenor, by the judges at special term in other districts, such as Post *a.* Coleman (9 *How. Pr.*, 64).

The plaintiffs in this action were not the original creditors by whom the goods were sold, and it was suggested that less particularity was required from them than would be from the persons to whom the debt was originally due.

There is no distinction made in the statute, and there is no good reason shown for making any such distinction.

The statement is to be made by the debtor and not the creditor, and he can as well state the particulars in one case as the other. He knows the particular transaction out of which the indebtedness arose, and he can state it as easily after the claim has been transferred to a third person, as he could before the transfer.

The motion to set aside the judgment, as to the creditor making this motion, must be granted.

SUTHERLAND, J., dissenting.—In this case the order at special term should be reversed, with $10 costs on the appeal and $10 costs of opposing the motion below to the appellants.

In my opinion it is a clear case.

The statement on which the judgment in this action was entered by confession was, in my opinion, abundantly sufficient.

Order affirmed.