Lott, J.
After a careful examination and consideration of the argument presented in the able and elaborate brief of. the counsel of the applicant, and urged on the hearing of the *259 motion, I am unable to sustain him in any of the grounds on which he asks to set aside the judgment of Mosher for irregularity.
The first assigned is that the statement was not signed by the defendant. This objection is decided against him in the cases of Post v. Coleman (9 How. Pr., 64); and Purdy v. Upton (10 How. Pr., 494), and I see no reason for departing from those decisions. The case of Hathaway v. Scott (11 Paige, 173), cited by him is not in conflict with either of them. There the name of the petitioner was not signed to the petition, nor to an affidavit verifying it. It appears from the chancellor’s opinion, and the statement of facts preceding it, that the only evidence of the verification was the certificate of the officer who administered the oath subjoined to the petition, and in such case the chancellor says the name of deponent should be subscribed to the petition, but he also says that “ when the verification of a bill or petition is in the form of an affidavit, the name of the defendant must be subscribed at the foot of the affidavit.” That case is an authority in support of, rather than in conflict with the first mentioned decisions. The affidavit in the case before us is substantially-an allegation forming a part of the statement preceding it, stating that the matters before stated are true, and being signed by the party making it, is a sufficient compliance with the requirements of the Code in that respect.
The second ground of objection -is that the statement was not duly verified by the oath of the defendant, and it is insisted that the allegation in the affidavit, “ that the facts stated in the above confession are true,” is not a verification of the statements made therein. The counsel says that a party might as well say “that the lies are false. -It is an axiom that nobody can dispute, the facts must be true.” I do not construe the terms as he does. The affidavit must be construed in connection with what precedes it. The confession contains several statements of different matters, not merely those out of which the indebtedness arose, but the further facts that he made the confession of the debt, and authorized the entry of the judgment therefor, and when it is said that the facts stated in the above confession are true it is in effect that the statement is true. The Code authorizing the confession provides that the statement shall, among other things, state concisely the *260 facts constituting the debt or liability, and evidently in the use of that word refers to the matters and circumstances on which such debt or liability is founded, and does not admit of the narrow construction put on it by the counsel. In the case of Fitzhugh v. Truax (1 Hill, 644), cited by the counsel, the words used in the affidavit of the merits were “ that he has fully and fairly stated the facts of Ms case,” and not as stated by him, “ the facts of the case ” instead of “ the case,” showing that only on one side of the. controversy had he been advised by counsel.
The third ground of objection is that the verification was not made before an officer of competent jurisdiction. The affidavit appears to have been made before a notary public, in May, 1865, and the venue is the city and county of Mew York, and it is insisted by counsel that it was necessary for him to add to his name his place of residence, so as to show his jurisdiction to act. By chapter 508 of the laws of 1863, notaries public were authorized to take affidavits and certify the same in all cases where justices of the peace or commissioners of deeds might, at the time of passage of the Act, take and certify the same. Assuming that said affidavit should only, be taken in the county where the notary resided, or in which he was appointed, there is nothing to show that it was taken out of his jurisdiction; the presumption is that he acted where the venue of the affidavit is laid, and that he resided there. It is conceded by the counsel that such a presumption arises ' in reference to a commissioner of deeds, without adding to his signature his place of residence, because, he says, that beyond his county he ceases to exist; but he contends.that the case is different with a notary, who, it is claimed, is a State officer, and, therefore, when he attempts to act as a commissioner, his right must affirmatively appear by adding after his name of office that he resides in the city of Mew York, or words equivalent thereto. I am unable to appreciate the force of the distinction. It would seem to be a sufficient answer to the position contended for, that the notary, in taking an affidavit, does not attempt to act as a commissioner; he acts by virtue of his appointment, and may take affidavits in all cases where commissioners of deeds could take the same at the time of the passage of the Act referred to, and if he is a State officer it is by no means clear that he cannot in eyery part of the State (see 1 *261 Rev. Stat., 112, 314); but if, in the discharge, of that new power he can only exercise it within the place of his residence or appointment, he in that case stands in the same position as .a commissioner of deeds, or a justice of the peace, and I see no more reason for the designation of his residence in addition to his name in his case than that of the commissioner or justice. He, as well as those officers, are, then, officers of like and equal jurisdiction, and, alike limited as to the locality in which their power can be exercised, and the presumption attaches alike to each of them that he is an officer acting within his proper jurisdiction, and that the place of such jurisdiction is indicated by the venue. I may add that the objection growing out of the want of designation of the place of the notary’s jurisdiction is not stated with sufficient certainty as a ground of irregularity to be available as such. If it had been distinctly stated it might have been shown where he acted and that he had authority to act where he did. It is competent to show such authority in support of a proceeding where it is. assailed.
The last ground of objection is that the clerk of the county of Kings had no j urisdiction to enter the judgment. Assuming that the title of the confession referring to the court and the names of the parties is, as contended for, a nullity, I see no reason why the judgment or the confession could not be entered up in Kings county.
Affidavits taken before certain officers (including now notaries public) when required or authorized by law in any cause, matter, or preceding (except in certain cases not applicable to the present), and certified by such officer, may be read before any officer, judicial, executive, or administrative, before whom any such cause, matter, or proceeding may be pending (see 2 Rev. Stat., 284, § 49). The provision does not limit the use of them (as would seem to the argument of counsel) “ to actions pending,” but is sufficiently broad to extend to all cases (except to those above referred to) where affidavits are required to be used in courts or before officers of the classes designated.
The clerk of a county is classed among the judicial officers in the classification of civil officers (1 Rev. Stat., 96). The affidavit in question might therefore be used before any county clerk, and under sec. 384 of the Code the judgment might be entered with any county clerk and not merely in the county where the statement authorizing it was verified.
*262 There is, therefore, no ground for the last objection.
I have thus gone over and considered all the objections urged against the judgment in question, in deference to the zeal and apparent confidence in them of the counsel, as well as the importance of some of the positions taken.
The result is that none of them are well founded, and the motion must be denied with ten dollars costs, to be paid by the party on whose behalf it is made.