## SUPREME COURT.

JAMES R. GANDAL agt. CHARLES FINN.

THOMAS W. LOCKWOOD agt. CHARLES FINN.

MANN, KENDRICK & MANN agt. CHARLES FINN.

A *statement* in a *confession of judgment* under the Code (§ 383) *held insuffi*-*cient*, which was as follows: "The above indebtedness arose on account for goods, wares and merchandise, and property sold and delivered to me by the plaintiffs, for which I have not paid; and the sum above confessed is justly due to the plaintiffs, without any fraud whatever."

Also, another *statement held insufficient*, which was as follows: "The above indebtedness arose on account for goods, wares and merchandise, sold and delivered by said plaintiff to me since the first day of January, 1855; and the sum above confessed is justly due to the said plaintiff, without any fraud what-ever." These judgments were both entered up the 14th Dec., 1855.

The object of the requirement of the Code is the same as that of the statute of 1818, in regard to the confessions of judgment; but the statement under the Code need not be so particular, specific, or precise as the act of 1818, which required the statement to be as special and precise as a bill of particulars.

The statement under the Code may be precise and comprehensive; but still it must state the facts out of which the indebtedness arose. Where the indebt-edness is for property sold, it should state *when* it was sold, the *general na*-*ture* of the property, and the *time of credit*, the *price or aggregate* of the purchase, and the *amount of payments*, if any.

*Saratoga Special Term, Sept.,* 1856.

THIS was a motion by Gandal, plaintiff in the first above

Gandal agt. Finn, &c., &c.

entitled action, to set aside the judgments entered on confession in the second and third actions.

The facts sufficiently appear in the opinion of the court.

HUGHES & NORTHUP *and* JAMES GIBSON, *for motion.*
MILLARD & KING *and* WM. A. BEACH, *opposed.*

ROSEKRANS, Justice. Gandal, the plaintiff in the first above entitled cause, is a judgment and execution creditor of the defendant, Finn, and moves to set aside the judgments in the other two causes, rendered by confession under § 383 of the Code, on the ground that the statements upon which said judgments were rendered do not comply with the requirements of the second subdivision of that section. The judgments sought to be set aside were both entered up on the 14th of December, 1855, upon confessions dated on that day.

The statement in the case of Mann and Kendrick, under this subdivision, is as follows :—

" The above indebtedness arose on account for goods, wares and merchandise, and property sold and delivered to me by the plaintiffs, for which I have not paid; and the sum above confessed is justly due to the plaintiffs, without any fraud whatever."

In the case of Lockwood, the statement, under this subdivision, is as follows :—

" The above indebtedness arose on account for goods, wares and merchandise, sold and delivered by said plaintiff to me since the first day of January, 1855; and the sum above confessed is justly due to the said plaintiff, without any fraud whatever."

The second subdivision of § 383 requires, in substance, that the verified statements of the defendant, upon which the judgment is to be entered, if the judgment is for money due or to become due, must state concisely the facts out of which the indebtedness arose. The object of this requirement is precisely the same as that of the statute of 1818, in regard to the confessions of judgment, and that was to point the creditors of

the defendant to the precise transaction, or transactions, out of which the confessed indebtedness arose, to enable them to inquire into its truth, and to confine the defendant and the creditor, to whom the judgment should be confessed, to the particular matter set forth as the foundation of the judgment, in case its good faith should be asked.

The statute of 1818, it is true, required a greater particularity, and a more definite specification than § 383 of the Code. The former required " a particular statement and specification of the nature and consideration of the debt;" and the latter " a concise statement of the facts out of which the debt arose." It was held that the statement and specification under the act of 1818 should be " as special and precise as a bill of particulars, and if the consideration of the judgment was for goods sold, the specification was required to state the kind, quantity and price of the goods, and the time of ·sale, as in a bill of particulars." (*Lawless* agt. *Hacket*, 16 *J. R.* 149 ; *Brinkerhoff* agt. *Marvin*, 5 *J. Ch. R.* 320, 325, 326.)

The statement under the Code need not be so particular, specific, or precise. It may be precise and comprehensive; but still it *must state the facts out of which the indebtedness arose*, upon which the judgment is confessed.

If it is to be of any service to the creditors of the judgment-debtor, or answer to any the purposes for which it is required, it should in those where the indebtedness is for property sold, state when the property was sold, the general nature of the property, and the time of credit, the price or aggregate of the purchase, and the amount of payments, if any. Unless this is done, the transaction is not identified or distinguishable from others of a similar character, nor are the words, " it must concisely state the facts out of which it arose," satisfied.

This language imports that the particular transaction out of which the indebtedness arose, shall be specified and identified in the statement.

Had the legislature intended that the statement should only set forth generally *the nature and consideration* of the debt, they would have· employed different language from that used in the

Gandal agt. Finn, &c., &c.

second subdivision of § 383. In the language of DEAN, Justice, in *Chappel* agt. *Chappel*, (2 *Kern.* 221,) " The intention of the requirement was to compel the person confessing a judgment to disclose what was the real consideration of the judgment confessed, and to show to all interested the transaction out of which the debt originated."

In the view which I have taken of the section of the Code under consideration, the judgment in favor of Mann, Kendrick and Mann is void as against the plaintiff Gandal.

The statement does not set forth what kind of goods, wares and merchandise sold, constituted a part of the indebtedness, nor how much in value, nor how much of the indebtedness arose out of the sale of other property, nor of what kind the latter consisted, nor where the sale was made. It points to no particular transaction to which other creditors can direct their inquiries; and, so far as affecting the objects intended to be obtained by the section of the Code referred to, it might as well have been entirely omitted.

The statement in the case of Lockwood is not quite so de fective as the one in the case of Mann and others, inasmuch as it states that the consideration of the indebtedness was only for goods, wares and merchandise sold and delivered, and states the time of sale, between the 1st of January and 14th of December, 1855; and the creditors seeking to investigate the good faith of the Lockwood judgment, would only have to grope their way the entire range of property coming within the description of *goods, wares and merchandise,* and through a period of eleven months and a half, which, in reference to the Mann judgment, these inquiries would necessarily be extended to all kinds of property which would be the subject of sale, and through all time.

I do not, however, consider the statement upon which the Lockwood judgment was entered sufficient to answer the purposes of the statute. The statute is remedial, and should receive such a construction as will satisfy the purpose intended to be affected by it. I think the only difference between the requirements of the statute of 1818 and § 383 of the Code is,

that under the latter the judgment-debtor is released from the minuteness and particularity of detail required under the former.

In cases where the consideration of the indebtedness is property sold, the Code does not require the bill of particulars to have been given under the statute of 1818; but the nature of the property should be set forth, with other particulars of distinction than the general statement that it was real or personal property, and the time of the transaction should be specifically stated.

The plaintiffs, in the second judgment sought to be set aside, were merchants in the city of Troy, and sold goods and other property to the defendant, who was a merchant at Fort Edward. There is no hardship in requiring of them, in case they take a confession of judgment for those demands, to state that on a certain day (specifying it) the plaintiffs sold to defendant, a country merchant, a bill of hardware, for the supply of the store of the defendant, amounting to $100, or $500, or any other sum, stating it truly, upon a credit of six months, upon which the defendant, on a day specified, paid an amount specified, and to repeat the sales and payments in the same manner as often as they have occurred.

This would be nothing more than a concise statement of facts out of which the indebtedness arose, and this statement would show that the sum for which the judgment was confessed was already due, or to become due. A less degree of conciseness than this would defeat the purposes of the act, and render it comparatively a dead letter.

The motion to set aside the judgment of Mann and others, and of Lockwood, against Finn, should be granted, with ten dollars costs.