## NORRIS *vs.* DENTON and others.

A statement upon which a judgment is entered by confession, which alleges the consideration for the judgment to be a promissory note given by the debtors, to the plaintiff, for value received, but without specifying the amount or consideration of the note, is defective; and it has been held in repeated cases that such a judgment may be set aside on motion, at the instance of other judgment creditors.

And the right to set aside, or attack, a void judgment thus entered up by confession, upon a defective statement, is not limited to judgment creditors.

A judgment confessed without full compliance with the provisions of the code, is to be deemed fraudulent and void, as against the creditors of the judgment debtor; and it may be attacked by a grantee or mortgagee of premises upon which such judgment is a lien, as well as by judgment creditors. JOHNSON, J., dissented.

Norris *v.* Denton.

They may do this, either by bringing an action for that purpose, or in defense of an action brought to enforce such judgment, to which they are made parties.

APPEAL from a judgment entered at a special term, upon the report of a referee. The action was brought to recover $312.44, the surplus moneys arising from a sale of premises under a mortgage executed by the defendant Wood, which amount was in the hands of the defendant Welles, and was claimed by the plaintiff as a judgment creditor of the defendant Wood. On the 1st of February, 1852, Henry Wood, one of the defendants, executed and delivered to Charles C. Sheppard, a mortgage on certain real estate owned by Wood in Penn Yan, to secure the payment of a certain debt, which mortgage was subsequently assigned to Isaac Hartshorn. On the 3d day of January, 1853, the defendant Wood, with John H. Bruen, his partner, confessed a judgment in favor of the plaintiff Norris for $300, and judgment was on that day duly docketed with the clerk of Yates county for $305 damages and costs. That judgment was entered upon the following statement of the consideration thereof, signed by Wood & Bruen : " We, Henry Wood and John H. Bruen, defendants, hereby severally confess ourselves indebted to James H. Norris, plaintiff, in the sum of three hundred dollars, with interest thereon from this date, and hereby authorize him, his executors, administrators, attorney or assigns, to enter a judgment against us for that amount. The above indebtedness arises on a promissory note given by us for value received, to the said plaintiff, and to which note this judgment is given as a collateral security ; and we hereby state that the sum above by us confessed is justly owing to the said plaintiff by us, and will be due according to the condition of the said note, without any fraud whatever ; and this judgment is given upon the express condition that no execution shall issue thereon till the first installment, payable on said note, becomes due and remains unpaid. Dated January 3, 1853." On the 23d day of November, 1854, the defendant Wood executed

and delivered to the defendants Lewis and Sylvester Denton, a mortgage to secure them against contingent liabilities incurred, and to be thereafter incurred. On the 19th day of January, 1856, the Sheppard mortgage was foreclosed, and the premises were sold ; and after paying the amount of the mortgage and costs of foreclosure, a surplus of $312.44 was left in the hands of the defendant Welles, which was claimed by the plaintiff Norris, and also by the defendants Dentons. The action was brought against Lewis and Sylvester Denton, and Wood and Welles. Wood and the Dentons appeared and defended. Welles suffered a default. The cause was referred to a referee, who reported that the plaintiff was entitled to the surplus moneys. A motion was made at the Ontario special term on the 27th of August, 1857, for the appropriate judgment against Welles, upon his default, which motion was granted, and judgment was entered against Welles that he pay over said money to the plaintiff, but without costs. There was no judgment against Lewis and Sylvester Denton, yet they alone appealed.

*C. G. Judd,* for the appellants. I. The referee erred in overruling the objection by the appellants to the proof of the plaintiff's judgment. (1.) It was entered by confession without action, and without any such statement in writing as is required by § 383 of the code. The indebtedness was for money due, or to become due, and there was no statement of the facts out of which it arose ; nor did it appear that the sum confessed did not exceed the amount due, or to become due. (*Johnston* v. *Fellerman,* 13 *Howard,* 21, 145. *Chappel* v. *Chappel,* 2 *Kernan,* 215. 11 *How.* 505. 12 *id.* 141, 410. 10 *id.* 494. 13 *id.* 142. *Dunham* v. *Waterman,* 17 *N. Y. Rep.* 9.) (2.) The judgment was not merely irregular, but was absolutely void as against these appellants, having a specific lien on the mortgaged premises sold and the surplus moneys in the hands of the defendant Welles. (4 *Paige,* 503. 11 *How.* 503, 506. 13 *id.* 142, 144, 145. 2 *Kernan,* 215, 222. 1

---

Norris *v.* Denton.

---

*Hill,* 144. 5 *Cowen,* 547. 7 *Abb. Rep.* 23. 1 *Denio,* 190, 198. 4 *Smith,* 496.)

II. The referee erred in finding that the plaintiff's judgment was a valid lien on the surplus moneys in question, prior to that of the appellant's mortgage. (*See authorities above referred to.*)

III. The referee erred in finding that the appellants were not entitled to the surplus money. (*See the points and authorities above; also Tallman* v. *Farley,* 1 *Barb.* 280.)

*D. J. Sunderlin,* for the respondent. I. The judgment of the plaintiff against Wood & Bruen for $305, on the 3d of January, 1853, was a valid judgment, and bound the real estate of the defendants until satisfied or set aside. It is a judgment in the supreme court, and until paid or set aside, the lien created by such judgment on the premises of Wood continues on the surplus in the hands of the defendant Welles. It matters not that the statement is defective in some particulars ; that does not render it void. It may be a ground for setting aside the judgment on motion by a judgment creditor, but by no other. Sylvester and Lewis Denton are not judgment creditors. They are merely mortgagees, holding the mortgage as collateral security for a contingent liability, and liable to have their mortgage attacked on the ground of fraud.

II. None but judgment creditors can attack the plaintiff's judgment. As long as it is permitted to stand, so long its lien continues on the surplus money. The defendants must first seek to set aside the judgment by an appropriate proceeding ; they cannot attack it in this collateral way. The remedy is by motion. (*Chappel* v. *Chappel,* 2 *Kernan,* 222. 2 *Whitaker's Pr.* 77. *Burkhardt* v. *Sanford,* 7 *Howard's Pr. Rep.* 329, 333.)

III. If the statement upon which judgment was confessed was not full, or was defective in some particulars, then it was an irregularity, only in the entry of judgment. (*Whitney* v.

*Kenyon,* 7 *How. Pr. R.* 458.) And such irregularity can only be taken advantage of by motion within one year after the entry of judgment. (*Whitaker's Pr.* 77. 5 *Howard's Pr. R.* 381. 8 *id.* 312. 9 *id.* 35. *Code,* § 174. 2 *R. S.* 282, § 2.)

IV. The defendants, by their answer, do not ask for affirmative relief. They do not ask to have the plaintiff's judgment set aside. The question whether the plaintiff's judgment shall, or shall not be set aside, or adjudged void, is not before the court. The court cannot upon this appeal disturb the judgment; it must remain a judgment of record, and being good as against Wood & Bruen, and creating a lien on their real estate, their subsequent mortgagees can acquire no greater right than Wood & Bruen had. And the Dentons, having taken their mortgage nearly two years after the entry of the judgment, took it subject to the incumbrance existing at the time.

V. The indebtedness for which the plaintiff's judgment was confessed, is nowhere denied in the defendants' answer. The intention to give the plaintiff a lien by the judgment is clearly manifest nearly two years before the execution of the mortgage. The equities are, therefore, most strongly in favor of the plaintiff, and the court possess as much power to amend the judgment on this appeal, as they would to set aside or vacate it, or to reform a mortgage and apply the surplus money arising from a previous sale.

E. DARWIN SMITH, J. The first error complained of in the decision of the referee on the trial of this action was committed, as is claimed, in overruling the objection of the appellants to the proof of the plaintiff's judgment. This judgment was entered upon a confession, pursuant to sections 382 and 383 of the code.

The statement signed by the defendant showing the consideration for the judgment was clearly defective, according to the decisions in the case of *Chappel* v. *Chappel,* (2

*Kernan,* 211,) and in 12 *Howard,* 141 and 410, and numerous other cases in this court. The counsel for the defendants Denton claims that the judgment for this reason is absolutely void as against the appellants, they having a specific lien upon the surplus moneys in the hands of the defendant Welles. The judgment is doubtless valid and amendable between the parties, reserving the rights of existing creditors. It has been held in repeated cases, that such a judgment may be set aside on motion, at the instance of other judgment creditors. The plaintiff's counsel contends that none but judgment creditors can attack the judgment, and that while it is permitted to stand it is a valid and conclusive lien upon the surplus moneys which are the subject of contest in this action. I can see no reason why the right to set aside or attack a void judgment like this, entered up by confession upon a defective statement, should be limited to judgment creditors. It is held in *Chappel* v. *Chappel,* and in other cases, that the object and policy of the statute is the same as that of the act of 1818, regulating confessions of judgment. In that act it was expressly declared, that such judgments should be deemed and adjudged *fraudulent* in respect to bona fide judgment creditors, and bona fide purchasers for a valuable consideration, of any land bound or affected by such judgment. In the recent case of *Dunham* v. *Waterman,* in the court of appeals, (17 *New York Rep.* 9,) Judge Selden says of the present statute, that considering the object in view, it is plain that its meaning is the same as that of the act of 1818. It must therefore be considered as settled by the highest court in the state, that a judgment confessed without full compliance with the provisions of the code, is to be deemed *fraudulent and void* as against the creditors of the judgment debtor. In a note at the end of this case, by the reporter, it is stated that all the judges agreed that the judgment was *void.* *Strong* and *Roosevelt* deemed it valid as to the parties, though fraudulent as to creditors. The defect is one of *substance* and not of mere *form,* and affects sub-

stantial rights. If it were a mere question of regularity, then this court would have exclusive control over the judgment, and could amend it in its discretion, as against any creditors, and the judgment could not be attacked except in this court, and by a motion directly to set it aside. But the defectiveness of the statement being regarded as matter of *substance* is conclusive evidence, upon the face of the record, as against any creditors whose rights are affected by such judgment. A grantee or mortgagee of premises upon which such judgment is a lien, must have the same right to attack it as a judgment creditor. Judgment creditors may move to set it aside, or commence a suit for that purpose in equity. The case of *Chappel* v. *Chappel,* as Judge Selden says in *Dunham* v. *Waterman,* merely affirmed the power of this court to set aside such judgment upon *motion.* " That the same end might be attained by an original suit," he says, " is clear." (17 *N. Y. Rep.* 15.) But if grantees and mortgagees cannot move to set aside such judgment because they have no place in court, which I do not think to be the law, though so held in some cases, they certainly can commence a suit for that purpose, and may also, with equal reason, propriety and right, attack and resist in defense of any action to which they are· parties, any such judgment where the same is sought to be enforced by suit upon the judgment, by the plaintiff. Such is the present case. The appellants set up their defense to this judgment in their answer, and allege that it is fraudulent and wholly void as against the creditors of Horace Wood, and as against them, the appellants, as such creditors, by reason of the very defects in the statement apparent on the face of the record, and that such confession was not made in manner and form according to the requirements of the statute. It is a mistake to consider this an attack upon the judgment *collaterally.* It is as direct an attack upon the judgment under the present system of pleading and proceeding as if the defendants had commenced the suit, setting up the same matter and asking to set aside ·the

judgment ; and the judgment roll, when produced, disclosed these defects, and was duly objected to by the appellants, and such objection overruled. The decision of the referee upon this question was clearly erroneous. The judgment was absolutely void as against the defendants, the Dentons, for fraud, upon the face of the record, and their defense to the plaintiff's action was completely established by the judgment record itself. The plaintiff having no valid judgment, the appellants were clearly entitled to a judgment declaring their right to receive the surplus money in the hands of the defendant Welles. As the decision of the exception disposes of the whole action, it is unnecessary to consider the other question presented in the case. There should be a new trial, with costs to abide the event.

T. R. STRONG, J., concurred.

JOHNSON, J., dissented.                    New trial granted.

[MONROE GENERAL TERM, September 5, 1859. *T. R. Strong, Smith* and *Johnson,* Justices.]

———————•◦•———————

WILSON, executor, &c. and others, *vs.* LYNT and others.

A testatrix, by her will made in 1845, directed that upon the death of her mother, the value of her lot fronting on C. street in the village of H. should be estimated as land only, irrespective of any improvements which should be made thereon, and that the amount so estimated should be paid by her executors out of the produce of her real or personal estate, to the trustees of the Baptist church in Oliver street, in the city of N. Y., to be by them put out at interest until, with the additions which should be made by subscriptions or otherwise, a sufficient sum should accumulate to enable the trustees of that. church to erect in the said village of H. a church or place of worship for christians of the Baptist denomination. The will contained a general power to the executors, as trustees, to sell and dispose of all the real and personal estate of the testatrix, and directed them to divide the proceeds, after the pay-