## CLEMENTS *vs.* GEROW.

## RYDER *vs.* GEROW.

## CARPENTER and others *vs.* GEROW.

A statement, upon which a judgment by confession is entered, in these words: "This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: for money lent and advanced by said plaintiff to me on the 1st day of April, 1856, and interest on the same from the 1st day of April, 1857," is defective, in not showing that the sum for which judgment is confessed "is justly due or to become due;" that is, that the sum confessed does not exceed the debt or liability.

So, a statement in this form: "This confession of judgment is for a debt justly owing from me and due to the plaintiff, arising from the following facts: for money borrowed by me, of him, in June, 1855, for which I gave him my note, and one year's interest thereon," is defective for the same reason.

So also, *held* of a statement as follows: "This confession of judgment is for a debt justly due and owing from me to the plaintiffs, for goods, wares and merchandise, groceries, dry goods, salt, calico, muslin, molasses, sugar and other articles, sold and delivered by them to me at various times within the last two years, as per schedule annexed;" no schedule being in fact annexed.

The *amount* of the debt, for which judgment is confessed—and if it be for money lent and advanced, the amount of money loaned, and if it is for goods sold and delivered, the amount of the sales, or total price of the goods—must be set forth explicitly, and not be left to inference.

This is a vital part of a valid confession; and the omission of it is a fatal defect.

APPEALS from orders setting aside judgments entered on confession. The Middletown Bank having, on the 16th October, 1857, recovered a judgment against Daniel Gerow and others for $1525.37, moved to set aside the judgments in the above three causes, on the ground that the statements made upon confessions of the judgments were defective. The motions were heard by Justice BROWN, in April, 1859, and he made orders setting aside each of the judgments, with costs. From these orders each of the plaintiffs above named appealed. In the case of Clements, the statement made on confession was as follows:

" I do hereby confess judgment in this cause in favor of William Clements, plaintiff, for the sum of one thousand two hundred and twenty-eight dollars and fifty cents, and authorize judgment to be entered therefor against me.

This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: *For money lent by said plaintiff to me on the 1st day of April,* 1856, *and interest on the same from the 1st day of April,* 1857.

DANIEL GEROW."

In the case of Ryder, the statement on confession is as follows:

" I do hereby confess judgment in this cause in favor of Jacob Ryder of Westchester county, the plaintiff, for the sum of three hundred and twenty-one dollars, and authorize judgment to be entered therefor against me.

This confession of judgment is for a debt justly owing from me and due to the plaintiff, arising from the following facts: *For money borrowed by him of me in June,* 1855, *for which I gave him my note, and one year's interest thereon.*

DANIEL GEROW."

In the case of Carpenter and others, the statement on confession is as follows:

" I do hereby confess judgment in this cause in favor of the plaintiffs, for one hundred and ninety dollars, and authorize judgment to be entered therefor against me.

Clements *v.* Gerow.

*This confession of judgment is for a debt justly due and owing from me to the plaintiffs, for goods, wares and merchandise, groceries, dry goods, salt, calico, muslin, molasses, sugar, and other articles, sold and delivered by them to me at various times within the last two years, as per schedule annexed.*                    DANIEL GEROW."

No schedule was in fact annexed to the confession.

Gerow, the defendant, was the owner of a farm in the county of Sullivan, upon which these judgments were liens prior to the lien of the judgment of the Middletown Bank.

*John H. Reynolds,* for the appellants.

*John W. Wilkin,* for the respondents.

*By the Court,* HOGEBOOM, J.   A judgment by confession, without action, may be entered in two cases : 1. For money due or to become due.   2. To secure against a contingent liability.   (*Code,* § 382.)   To accomplish this, a statement in writing must be made, and verified by the defendant, stating, 1. The amount for which judgment may be entered, and conferring authority to do so.   2. Concisely the facts out of which the debt or liability arose.   3. Showing that the sum confessed does not exceed such debt or liability.   (§ 383.) This, although not the precise language, is the substance of the provisions of the code, and is all which the law requires. Nothing else is necessary to be incorporated in the statement, and these requisites must be substantially complied with. When, therefore, the code declares that the facts constituting the debt or liability shall be *concisely stated,* it cannot be necessary that there should be a full or copious statement, or one embracing much detail.   The form or particular ingredients of this statement are not prescribed, and they must therefore be regulated by the reason of the thing, and the object and intent of the statute.   These are, I suppose, mainly if not exclusively to prevent fraud ; and to accomplish this, the

statement should *identify* or individualize the claim, so that
another claim could not be substituted for it when it came to
be inquired into ; and should also show a claim apparently
valid, with such particulars of its nature and consideration as
would aid a conviction for perjury if the statement were false,
and as would enable other persons interested in the matter to
ascertain the facts. When these objects are reasonably an-
swered by the statement, I think every thing is done which
the statute requires, and it is improper to require more. It
is true, the statute is not specific as to all the ingredients of
this statement, but it is clear that it may be *concise,* and we
must give effect to this language. It was evidently not de-
signed to embrace much detail or formality ; and I am op-
posed to giving an interpretation to this statute which shall
carry it beyond its fair and obvious meaning. If there be
ambiguity in the statute itself, let it be corrected by the legis-
lature, and in the mean time let statements apparently within
the scope of its provisions be protected. I am of opinion that
several adjudicated cases have gone too far, and exacted an
unnecessary strictness of detail. I do not believe, as was held
in the case of *Lawless* v. *Hackett,* (16 *John.* 149,) under the
statute of 1818, that the statement " ought to be as special
and precise as a bill of particulars." This would not state
*concisely* the facts ; and although it may be true, as a general
rule, that " a statement as general as the common law counts
in a declaration is not sufficient," it is not universally so.
For example, if the transaction upon which judgment was
confessed consisted of a single loan of money, I do not see
how the indebtedness could be more truly and appropriately
stated, than to say it was "for $100 loaned by the plaintiff
to the defendant on the 1st day of January, 1859." And
while I should have concurred in the conclusions at which the
court of appeals arrived, as respects the validity of the judg-
ments controverted in the cases of *Chappel* v. *Chappel,*
(2 *Kern.* 215,) and *Dunham* v. *Waterman,* (17 *N. Y. Rep.* 9,)
I think the course of reasoning in both of those cases tends to

Clements *v.* Gerow.

exact a degree of particularity and detail which the code has not required. The present statute differs, in language, from the statute of 1818. The one required "a *particular* statement and *specification* of the nature and consideration of the debt;" the other, a *concise* statement of "the facts out of which the debt arose." And although the general object of both statutes was similar, I think the marked difference in the phraseology must have been intentional, rather than accidental or merely verbal. It is undoubtedly difficult to lay down any universal rule by which to test the validity of judgments, under the statute in question; particularly as much latitude is allowed, under the code, in the statement of facts, even in a pleading, and we should be careful not to give so loose an interpretation to this statute as to deprive it of all real efficacy. I shall not, therefore, make the attempt. The better way is to dispose of each case as it arises, on its intrinsic merits.

To examine the judgments in question. I regard them all as defective in one important and fatal particular. They do not show that the sum for which judgment is confessed "is justly due or to become due." In other words, as expressed in the next subdivision of the same section—which I think means the same thing—they do not show that the "sum confessed does not exceed" the (debt or) liability. (*Code,* § 383.) The obvious object of this was to require such a specification as should show that the judgment was not magnified beyond the true amount of the debt or liability. In the case of *Clements* v. *Gerow,* it is first stated that judgment is confessed for $1228.50. It then adds, "This confession of judgment is for *a debt* (without stating to *what amount*) justly due to the plaintiff arising upon the following facts : For *money* (without stating how much) lent and advanced by said plaintiff to me on the first day of April, 1856, and interest on the same from the first day of April, 1857."

In the case of *Ryder* v. *Gerow;* after making confession of judgment for $321, the statement proceeds—"This confes-

Clements *v.* Gerow.

sion of judgment is for *a debt* justly owing from me and due to the plaintiff, arising from the following facts : For *money* borrowed by me of him in June, 1855, for which I gave him my note, and one year's interest thereon."

The same difficulty presents itself in the case of *Carpenter and others* v. *Gerow.*

None of these statements, it will be seen, specify the *amount* of the *debt* for which judgment is confessed ; nor the *amount* of money loaned, in the first two cases ; nor the *amount* of the sales, or total *price* of the goods, wares and merchandise sold and delivered in the last case. Nor, do I think, is the amount to be *reasonably inferred* (if that were sufficient) from the language employed. Were the actual indebtedness in each case $100 or $1, instead of the amount for which judgment is confessed, I do not see but that the statement would be true, or that the defendant could be convicted of perjury. This I regard as a *vital* part of a valid confession, and the omission of it, in these cases, a *fatal defect.* It is not to be left to inference. The statute expressly requires, in substance, that the statement shall *show* that the sum confessed does not exceed the amount of the debt.

It is not essential, therefore, to examine the statements in the other particulars to which.exception is taken. It is perhaps, however, not improper to remark, in illustration of some of the positions herein assumed, that in other respects, at least as to the Clements and Ryder judgments, I regard the statements as conforming to the statute, and as sufficiently stating the facts out of which the debts arose.

The orders appealed from must, in each case, be affirmed, with $10 costs.

[ALBANY GENERAL TERM, September 5, 1859. *Wright, Gould* and *Hogeboom,* Justices.]