## SUPREME COURT.

### James Daly agt. Patrick Mathews.

Where a judgment on confession has been filed and docketed the omission of the clerk to make the requisite *indorsement* on the statement (§ 384,) cannot affect the substantial rights of any party, as it may be done *nunc pro tunc* by an order of the court.

A *statement* on confession of judgment which described a promissory note of the defendant for $100, and alleged that it was given "for money had and received by me of the said plaintiff at my request;" "also for $19,78, of money had and received by me at different times from said plaintiff at my request for which no note, or security, or writing, was taken from me by the said plaintiff;" "also for $108,09, being a book account for goods, wares and merchandize, groceries and provisions heretofore sold and delivered to me at my request by the said plaintiff, and for which he had not received pay." *Held insufficient* to sustain the judgment.

*Saratoga Special Term, November,* 1860.

Motion to set aside a judgment entered by confession on the ground of the insufficiency of the statement. The statement and confession were as follows: " Judgment is hereby confessed in this cause for the sum of two hundred and thirty-three dollars and seventy cents, and I hereby authorize the plaintiff or his attorney to enter judgment for the above sum, together with costs of this suit, in the clerk's office of the county of Saratoga, and in this court. This confession is made for a debt justly due the plaintiff herein from me, arising upon the following facts, viz: a promissory note made by me and Terrence Mathews as surety for me, the defendant, to the plaintiff, for the sum of $100, dated October 29, 1853, and payable one year from the date thereof with interest; said note was given for money had and received by me of the said plaintiff at my request; and also for $19.78 of money had and received by me at different times from said plaintiff, at my request, for which no note or security or writing was taken from me by the said plaintiff; also, for $108.09, being a book account for goods,

wares and merchandise, groceries and provisions, heretofore sold and delivered to me at my request, by the said plaintiff, and for which he had not received pay." There was no indorsement upon the statement and confession, as required by section 384 of the Code; but the judgment was docketed on the 30th of August, 1854, in the Saratoga county clerk's office.

L. B. PIKE, *for Wm. Bennett.*
P. W. BISHOP, *for plaintiff.*

BOCKES, Justice. The motion is made by William Bennett, a subsequent mortgagee and purchaser on mortgage foreclosure, of the real estate on which the judgment is an apparent lien.

The statement was filed and judgment was docketed on the 30th August, 1854, for $233.70, with costs. Through the omission of the clerk, no indorsment of judgment was made on the statement, as required by section 384 of the Code of Proceedure.

This defect however, could now be supplied, and would be as matter of course, if the motion depended on that alone by the entry of an order directing the indorsement to be made *nunc pro tunc.*

The judgment having been duly docketed, the omission to make the indorsement can not have affected the substantial rights of any party.

Section 176 of the Code, was intended to cover errors and defects of this nature.

It is urged that the judgment is void, inasmuch as the statement on which the judgment was entered is wholly insufficient.

The judgment embraces the amount of a promissory note for $100. Also $19.70, for money had and received, and the further sum of $108.09, book account.

As regards the note, it is alleged in the statement to have

been given *"for money had and received,"* without stating the amount, time or place, or whether on one or on several occasions, or indeed any of the facts out of which the indebtedness arose, except the mere fact that the note was for money had and received.

As regards the $19.70, the statement is equally indefinite. The language is " *also for* $19.70 *of money had and received by me at different times."* No particulars, as to times, places or amounts are given, nor any of the circumstances showing how the liability for money had and received accrued.

And as regards the $108.09, the statement is that such sum was " *book account for goods, wares, merchandise, groceries and provisions theretofore sold and delivered."* But no time, place or circumstance of sale or delivery of any item or article is given.

The current of authority is clearly and emphatically against the sufficiency of the statement. Section 383, requires it to contain the facts out of which the indebtedness arose. The object in view, and which must be preserved in its integrity, was, to protect other persons interested in the just application of the debtor's property to the payment of his debts, and to that end the parties were required to spread on the record, concisely, but with particularity and precision, the origin of the indebtedness for which the judgment was confessed. The fairness of the judgment could then be readily investigated and its good faith determined. The argument is exhausted in the various cases in which the question has been before the court.

To some extent they may be regarded as conflicting. For the purpose of more easy reference they are here collected, nearly in the order in which they have appeared in the reports, and without arrangement or classification.

18 *How.,* 23; 18 *How.,* 89; 17 *How.,* 363; 17 *How.,* 574; 15 *How.,* 41; 15 *How.,* 67; 15 *How.,* 228; 14 *How.,* 20; 13 *How.,* 21; 13 *How.,* 142; 13 *How.,* 418; 13 *How.,* 472; 12 *How.,* 141; 12 *How.,* 410; 11 *How.,* 503; 10 *How.,* 494; 9

*How.,* 61 ; 9 *How.,* 64 ; 8 *How.,* 40 ; 7 *How.,* 62; 7 *How.,* 449 ; 7 *How.,* 458 ; 5 *How.,* 381 ; 3 *Abbott,* 375 ; 7 *Abbott,* 309 ; 3 *Smith,* 9 ; 1 *Bosworth,* 659 ; 21 *Barb.,* 85 ; 21 *Barb.,* 152 ; 23 *Barb.,* 652 ; (*same,* 13 *How.,* 418) ; 30 *Barb.,* 117 ; 30 *Barb.,* 185 ; (*same,* 17 *How.,* 363) ; 30 *Barb.,* 325 ; 31 *Barb.,* 36 ; (*same,* 17 *How.,* 574) ; 2 *Kernan,* 215 ; 5 *Selden,* 73 ; 16 *N. Y.,* 562 ; 17 *N. Y.,* 9 ; 20 *N. Y.,* 448.

The case of *Freligh* agt. *Brink,* (16 *How.,* 272,) *and School-craft* agt. *Thompson,* (7 *How.,* 446,) were reversed on appeal. 18 *How.,* 89 ; 9 *How.,* 61.)

So, too, such of the cases cited as hold that the statement is sufficient if it set out a promissory note, without giving the consideration, are overruled. (2 *Kernan,* 215 ; 17 *N. Y.,* 9.) It is well further to remark, that several of the cases cited have been questioned. (*See* 15 *How.,* 41 ; *Id.* 67 ; 11 *How.,* 503.)

But it is the settled rule that the consideration of the indebtedness must be set out in the statement, and the question on this motion is whether it is enough simply to say that the origin of the indebtedness was *money had and received, and book account for goods, wares and merchandise sold and delivered.* It has been repeatedly held that this was not sufficient.

In *Rae* agt. *Lawres,* (18 *How.,* 23,) the statement was said to be defective for the reason that the time or times, when the moneys were loaned and the goods sold and delivered were not stated.

In *Claflin* agt. *Sawyer,* (17 *How.* 574,) the consideration of the indebtedness was stated to have been for goods, wares and merchandise, theretofore purchased, &c., the statement was held insufficient.

In *Gandall* agt. *Finn* (13 *How.,* 418 ; *Id.,* 23 *Barb.,* 652,) the statement was held insufficient, which stated the indebtedness to have arisen on account for goods, wares and merchandise, and property sold and delivered.

In *Stebbins* agt. *The E. Society, &c., of Rochester,* (12 *How.,*

410,) the statement was held insufficient. The indebtedness was alleged to have accrued for money lent and advanced.

The last two cases were questioned in *Mott* agt. *Davis*, (15 *How.*, 67.)

So it was held in *Boyden* agt. *Johnson*, (11 *How.*, 503,) that a judgment on confession which stated the indebtedness to be for goods sold and delivered, and upon an accounting was entirely insufficient. The following cases are to the point, 10 *How.*, 494; 9 *How.*, 64; 9 *How.*, 61; 3 *Abbott*, 375; 21 *Barb.*, 152; 27 *Barb.*, 185; 30 *Barb.*, 325; 23 *Barb.*, 652; 2 *Kernan*, 215; 17 *N. Y.*, 9. In the last case cited it was held in the court of appeals that the statement was insufficient which alleged the indebtedness to have arisen on a " settlement of accounts." Judge SELDEN remarks, something at least should be stated as to the nature of the account and the time when it accrued.

I should not have deemed it necessary to be thus minute in the examination of these numerous cases, were it not that in a later case in the court of appeals (*Lansing* agt. *Carpenter*, 20 *N. Y.*, 447,) a statement which alleged that the indebtedness was "*for borrowed money*" was held sufficient, (*see Freligh* agt. *Brink*, 18 *How.*, 89.)

The language of the confession in *Lansing* agt. *Carpenter* is perhaps a trifle more definite than in the cases cited, in which the statements were held insufficient. But this case can not be deemed to overrule any other cases than those in which the language of the statement is the same in substance and effect, especially as no intimation is given of an intention to establish any new rule or even to limit or qualify any already established.

In case of borrowed money the decisions require that the statement should give, specifically or by fair implication, the amount or amounts borrowed, and also the time or times when borrowed with some degree of definiteness. The same rule would apply to a confession of judgment for

money had and received. If for money paid, the time, amount, and to and for whom paid, and if on different occasions, the times and amounts with reasonable certainty should be stated. If for goods, wares, merchandise or property sold, the kind or general description of property should be given, with the time of sale, or if matter of book account, the period during which the indebtedness accrued.

In the case now under consideration, the statement tested by these rules is radically defective and insufficient, and the judgment entered thereon must be deemed unauthorized and void.

Nor can it be made good by amendment as against judgment creditors of the debtor, or against any one entitled to take advantage of the defect. The defect is more than an irregularity. The omission renders the judgment void as to other judgment creditors. (17 *N. Y.*, 9; 2 *Kernan*, 215; 30 *Barb.*, 185; *Id.*, 325; *Id.*, 117; 13 *How.*, 142; 13 *How.*, 472.) In the last cases cited, it was said that a judgment entered by confession upon an insufficient statement was without legal authority and void, and that the court had no right to authorize a new judgment to be entered under the form of an amendment, which should take priority over other judgments subsequently recovered.

But the counter affidavits read on this motion make no approach towards supplying the defect in the statement; hence there is no ground on which to ask for an amendment.

It is urged that Mr. Bennet has no standing in court, on this motion inasmuch as he is not shown to be a judgment creditor of the defendant in the judgment.

Mr. Bennett was a mortgagee of the premises on which the judgment was an apparent lien. He foreclosed his mortgage and became a purchaser at the foreclosure sale, and stands in the position of a subsequent purchaser of and from the judgment debtor.

It has been held repeatedly, that the purpose and policy

of section 383 of the Code of Procedure, were the same as that of the act of 1818, regulating confession of judgment.

In *Dunham* agt. *Waterman,* (17 *N. Y., on page* 14,) it was said, that although the Code does not in terms enact, as was done by the act of 1818, that a judgment confessed without a compliance with its provisions shall be deemed and adjudged fraudulent in respect to other *bona fide* judgment creditors, yet considering the object in view, it was plain that such must be its meaning. This rule of construction embraces *bona fide* purchasers, as well as judgment creditors, inasmuch as both classes of persons are specified in the act, as to whom the judgment shall be adjudged fraudulent.

That act provided that judgments entered by confession without a compliance with its items should be " taken, deemed and adjudged fraudulent, as respects any other *bona fide* judgment creditors and every *bona fide* purchaser for valuable consideration of any lands, bound or affected by such judgment." In *James* agt. *Johnson,* (6 *John. Chy.,* 417,) mortgage creditors were deemed to be bona fide purchasers within the provision of the act. The case was afterwards considered in the court of errors, (2 *Cow.,* 240,) when it seems there was a difference of opinion upon the question.

Judge WOODWORTH remarked, (*page* 290,) that he thought mortgagees were to be deemed purchasers, that the reason and spirit of the act protected mortgagees as well as subsequent judgment creditors.

The learned judge also referred to the statute of 27 *Eliz.* respecting conveyances made to defraud purchasers, under which it was held that a mortgagee was a purchaser.

Judge SAVAGE, however, said (*page* 314) that in his judgment, the legislature did not contemplate a mortgage creditor by the terms *bona fide* purchaser.

The strength of the argument in this case, both in the supreme court, and in the court of errors is in favor of regarding a mortgagee as a purchaser within the purview

of the act.   Nor is this construction weakened by the case
of *Lansing* agt. *Brinkerhoff*, (5 *John. Ch.*, 329,) for the Chan-
cellor, there deems the term purchaser embrace those, who
take "beneficially, and for a valuable consideration, on
their own account." . It was held, also, in *White* agt. *Wil-
liams*, (1 *Paige*, 502, 8,) that an assignee of a judgment
could claim the benefits of this statute, and further, that a
purchaser under judgment was entitled to all the rights
which a judgment creditor could have.

In this case, however, Mr. Bennett, being the purchaser
on mortgage sale under his mortgage, is by the strictest pos-
sible construction a purchaser.

But we are not without further authority on this ques-
tion.   Judge HARRIS remarked in *Bonnell* agt. *Henry*, (13
*How.*, 142, *on page* 145,) as follows : "Nor do I understand
that the right to have the illegal judgment removed, is
confined to a judgment creditor," but he did not assume
in that case to decide that a mortgagee or purchaser could
move to set aside the judgment, the same as judgment
creditors.

The subject came under discussion in *Morris* agt. *Denton*,
(30 *Barb.* 117.)   The plaintiff's counsel insisted that none
but judgment creditors could attack a judgment entered by
confession, on the ground of the insufficiency of the state-
ment.   But it was decided by the court at general term,
that the right to set aside or attack a void judgment thus
entered, was not limited to judgment creditors, and further,
that a judgment so entered upon confession upon a defec-
tive statement was to be deemed fraudulent and void as
against the creditors of the judgment debtor, and also as
against grantees and mortgagees of premises upon which
such judgment was an apparent lien.   In this case the court
say that a grantee or mortgagee of premises upon which
such judgment is a lien, must have the same right to attack
it as a judgment creditor.   So it was held in *Bridenbecker*
agt *Mason*, (16 *How.*, 203,) that when a judgment is fraud-

ulent or is invalid by reason of some substantial defect, it will be set aside on application of any party interested in impeaching it. (*See also*, *Kendall* agt. *Hodgins*, 1 *Bosworth*, 659, *and cases there cited*.

These cases are well based on principle. There can be no good reason for extending by construction, the right to set aside a fraudulent or unauthorized judgment to a judgment creditor, and denying such right to a purchaser or mortgagee of property on which the judgment is an apparent lien. The judgment entered upon an insufficient statement is void and should be so adjudged at the instance of any person injuriously affected by it. In this case the judgment under the authorities must be held unauthorized and void. Mr. Bennett received his mortgage in ignorance of the judgment, and on forclosure became the purchaser of the equity of redemption, consequently occupies the place of a *bona fide* purchaser.

· But whether purchaser or mortgagee he may invoke the aid of the court to protect him in his rights by the removal of an apparent but invalid lien, on his property.

An order must be entered vacating and setting aside the judgment and all subsequent proceedings, as to the premises owned by Mr. Bennett, and described in the moving papers.