EASTON NATIONAL BANK and FIRST NATIONAL BANK OF COOPERSTOWN, Appellants, *v.* BUFFALO CHEMICAL WORKS and BUSHWICK CHEMICAL WORKS, Respondents.

*Creditors' action to set aside a fraudulent judgment against the debtor — necessity of issuing an execution — otherwise where a remedy is sought by motion — neither section 1784 nor section 1879 of the Code of Civil Procedure has changed the general rule.*

The plaintiffs, having each recovered a judgment against the defendant, the Bushwick Chemical Works, brought this action to set aside a prior judgment recovered against said defendant by the Buffalo Chemical Works, upon the ground that such prior judgment had been fraudulently recovered, it being alleged that the real estate of the debtor was not sufficient to pay the plaintiffs' judgments, and that this action was necessary in order to enable the plaintiffs to

obtain satisfaction of their judgments out of the property of the debtor. No execution was issued upon either of the judgments recovered by the plaintiffs, and it was held by the trial court that the action, for that reason, could not be maintained.

*Held,* that the judgment below should be affirmed; that while, by way of motion, a remedy may exist by which a junior judgment-creditor, as well as a purchaser of the property under execution, may have a judgment set aside which is fraudulent and illegal, and the court may, in such case, award appropriate relief by way of vindicating its own records and processes, and thereby prevent an abusive use being made thereof, yet this principle has no application to an action brought in equity, as the present action was, to vacate and set aside an alleged fraudulent judgment, in aid of executions to be issued upon other and subsequent judgments.

That the rule requiring that executions shall issue before an equitable action of this kind can be maintained, has not been changed by section 1784 or 1879 of the Code of Civil Procedure, relating to judgments recovered against a domestic corporation; and such sections do not refer to or include an action of this description.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee, dismissing the complaint.

The action was brought by the plaintiffs, as judgment-creditors of the defendant, the Bushwick Chemical Works, to set aside, as to them, a prior and alleged fraudulent judgment recovered by the Buffalo Chemical Works against the said Bushwick Chemical Works. The complaint was dismissed, on the ground that no execution had been issued or returned on either of the plaintiffs' judgments.

*C. Bainbridge Smith,* for the appellants.

*Jesse Johnson,* for the Buffalo Chemical Works, respondent.

DANIELS, J. :

Each of the plaintiffs recovered a judgment against the Bushwick Chemical Works. These judgments were subsequent to a large judgment recovered against the same defendant by the Buffalo Chemical Works. And to maintain the action it was charged that this prior judgment had been fraudulently recovered, and the object of the action was to secure a judgment determining that fact and vacating and annulling the prior judgment. The ultimate object of this relief, it is evident, would be to enable each of the plaintiffs to collect their judgments out of the property of the Bushwick Chemical Works, the judgment debtor. It was alleged that its real estate was not sufficient to pay their judgments, and the preceding

judgment of the Buffalo Chemical Works. And to enable them to obtain satisfaction out of the property of the debtor it would be necessary to set aside and vacate this preceding judgment. But no execution was issued upon either of the judgments recovered by the plaintiffs, and for that reason the referee, before whom the action was tried, decided that it could not be maintained. And his opinion contains an elaborate discussion of the cases affecting this question, and which were deemed to sustain the conclusion adopted by him. But in support of the appeal the plaintiff's counsel has insisted that an action may be maintained by these judgment-creditors without first issuing an execution to vacate this preceding judgment as fraudulent. And *Dunham* v. *Waterman* (17 N. Y., 9); *Chappel* v. *Chappel* (2 Kernan, 215); *Kendall* v. *Hodgins* (1 Bosw., 659); *Daly* v. *Mathews* (20 How., 267); *Norris* v. *Denton* (30 Barb., 117), are mainly relied upon to support this position, but they do not sustain it. In *Dunham* v. *Waterman* it did not appear, neither was any point made as to the fact, whether an execution had been issued or not. And in *Chappel* v. *Chappel* the application was by way of motion to the court in which the judgment had been recovered. And so it was in the other two cases immediately following them in the order in which they have here been given. That is a remedy which a junior judgment-creditor, as well as a purchaser of the property under execution, may follow to avoid a preceding fraudulent or illegal judgment. And the court will award the appropriate relief by way of vindicating its own records and process, thereby preventing any abusive use being made of the latter. The remedy stands upon established legal principles supported by these authorities as well as by *White* v. *Tommey* (4 H. L. 313). And so, also, may a fraudulent or unlawful judgment be avoided in a contest concerning the disposition of surplus moneys, as was the case in *Norris* v. *Denton*, for the claimant of such moneys may prove, as a fact, that the judgment or claim of any other contestant has no legal foundation to rest upon, and for that reason is not entitled to payment of any part of the surplus. These cases all rest upon peculiar principles applicable to the proceedings upon which they were decided. They have no application whatever to an action in equity brought as this has been by these plaintiffs, to vacate and set aside the preceding judgment of the Buffalo Chemical Works.

The action which the plaintiffs have brought is practically in aid of executions, which may be issued upon their judgments, to enforce and collect them. If that was not its object, then no useful end could be secured by maintaining it. To set aside the prior judgment for any other purpose than to enable the plaintiffs to collect their own judgments out of the property of their debtor would be an act entirely useless to them, and for which a suit in equity could not be expected to be maintained. But to render it serviceable at all, as it must have been expected to be by the plaintiffs, execution, for the seizure and sale of the debtor's property would necessarily follow. And where that is the relief intended to be secured, the action to obtain it must be founded upon the legal principles applicable to this class of litigation. And by those principles it has become well settled that no such action can be sustained, unless an execution has previously been issued against the property of the debtor. When that has been done and the execution is rendered ineffectual by a preceding judgment, or other incumbrance, upon the property which is fraudulent as against the execution creditor, there he may commence a suit of this description to set aside the preceding judgment or incumbrance, and remove it out of the way of sale of the debtor's property under the execution for the payment and satisfaction of the judgment on which it has been issued In such an action a preceding fraudulent judgment will be vacated and removed as an impediment in the way of the creditor's execution. (*State of Michigan* v. *Phœnix Bank*, 33 N. Y., 9, 27 ; *Mandeville* v. *Reynolds*, 68 id., 528, 544–546.) But before the action for that object can be maintained, it is indispensable that an execution upon the judgment or judgments shall have been issued. (*Adsit* v. *Butler*, 87 N. Y., 585 ; *Lichtenberg* v. *Herdtfelder*, 33 Hun, 57 ; *Bowe* v. *Arnold*, 31 id., 256; *Gardner* v. *Lansing*, 28 id., 413 ; *Bostwick* v. *Scott*, 40 id., 212 ; *Bank of Jersey City* v. *Dakin*, 51 N. Y., 519 ; *Jones* v. *Green*, 1 Wall. [U. S.], 330.) In this last case it was said that " a court of equity exercises its jurisdiction in favor of a judgment-creditor only when the remedy afforded him at law is ineffectual to reach the property of the debtor, or the enforcement of the legal remedy is obstructed by some incumbrance upon the debtor's property, or some fraudulent transfer of it." * * *

In the second case stated the equitable relief sought rests upon the

fact that the execution has issued and a specific lien has been acquired upon the property of the debtor by its levy, but that the obstruction interposed prevents a sale of the property at a fair valuation. "It is to remove the obstruction and thus enable the creditor to obtain a full price for the property that the suit is brought." (Id., 331, 332.) In *Crippen* v. *Hudson* (3 Kern., 161), a remark was made in the course of the opinion, which, if it had been a correct exposition of the law, would sustain the plaintiff's right to maintain the action without first issuing executions upon the judgments. (Id., 166.) But that has not been followed by the courts, but the rule has been rigidly applied that the least which will answer the requirements of courts of equity for maintaining a creditor's action of this description is that an execution upon the judgment must have been issued, and either be outstanding or returned unsatisfied.

It has been argued by the plaintiff's counsel that this rule no longer applies to a judgment recovered against a domestic corporation, but section 1879 of the Code of Civil Procedure was not intended to refer to or include an action of this description. What it has declared is that the article containing this section does not apply where the judgment-debtor is a corporation created by or under the laws of this State. But this article includes only the class of actions known generally as creditors suits to reach the property, debts and equitable interests of the judgment-debtor. This has been clearly defined by section 1871, the first section of this article. Neither that section nor anything else contained in that article has any application to a suit of this description, nor has section 1784 providing the remedy to be pursued against a corporation created under the laws of this State, where an execution against its property has been returned wholly or partly unsatisfied.

This action, which is simply to remove an impediment which prevents the plaintiff's judgments from becoming valuable liens upon the real estate of defendants, depends wholly upon the established rules of courts of equity, and they do not permit an action by a judgment-creditor to be maintained in aid of, or to render an execution effectual by the removal of an impediment fraudulently placed in its way, unless the execution itself has been issued upon the judg-

ment and is outstanding at the time the action is commenced or may have been returned afterwards unsatisfied. The plaintiff's action is not within the authorities sustaining this principle.

The judgment was consequently right and should be affirmed, with costs.

Van Brunt, P. J. and Brady, J., concurred.

Judgment affirmed, with costs.