* OTTO SCHMIDT, Appellant, v. STEINWAY & HUNTER'S POINT RAILROAD COMPANY, Respondent.

*Negligence — driver of a street railroad car — injury done to a workman in an excavation adjoining the tracks.*

The driver of a street railroad car, approached an excavation in which a sewer was being constructed along side of the car tracks, upon the ground along side of which, sewer pipes were placed upright on the edge of the sewer; he stopped his team, but was told to go on by a man stationed at the excavation, who had been there for the four preceding days controlling the passage of the cars. This man was not one of the contractor's men, nor did it affirmatively appear that he was employed by the company:

The car was driven on against the pipe which was standing in full sight of the driver, and the pipe was thrown into the excavation, injuring one of the workmen employed therein.

*Held,* that it was the duty of the company to exercise extreme vigilance in the management of its cars, and that this obligation was increased by reason of the existence of the excavation; that it should have placed a man there to prevent injury to others if the place was dangerous.

That proof that the man who directed the driver to go on apparently acted for the company was sufficient to justify the submission of that question to the jury, although no contract of employment was shown to exist between him and the company.

* Decided December 20, 1889.

Appeal by the plaintiff from a judgment dismissing the plaintiff's complaint, entered in the office of the clerk of the county of Kings on the 12th day of November, 1889.

The action was brought to recover damages occasioned to the plaintiff by the. alleged negligence of the defendant, consisting in the alleged reckless driving of a horse car against a pipe in full sight of the driver, which fell into an excavation and seriously injured the plaintiff.

*M. L. Towns,* for the appellant.

*Foster & Foster,* for the respondent.

Barnard, P. J.:

The case, as proven, was one for the jury. The complaint avers that the defendant's driver drove one of its cars carelessly against a pipe, which fell into an excavation in which the plaintiff was working.

The pipe fell on him and seriously injured him. The evidence shows that a sewer was being excavated along side of the defendant's track for about 200 feet, and then turned across the track of the railroad company. On the 1st of June, 1888, at evening, the sewer workmen were guarding the track for the night. This was done by placing sewer pipes on end and placing plank on the upper end of the pipes. This guard extended for the length of three or four boards, for the case shows there were that number of pipes upright on the edge of the sewer.

The defendant's driver stopped his team before he came to the first of the pipes. The man was told to go on by a man stationed at the excavation, who had been there for the four preceding days controlling the passage of the defendant's cars. It was proven that he was not one of the contractor's men who was excavating the sewer. It was proven that he had the right to signal the cars to move. The driver's evidence is rather baffling, but he states this fact distinctly. The company owed extreme vigilance in the management of its cars, and this duty was increased by the excavation. It should have placed a man there if dangerous. A man was placed there by some one and the conductor was informed of his right to

control the cars in some way. The proof that the man apparently acted for the defendant, or was in its employment, as evidenced by his acts, was proper. It was too much to require the plaintiff to produce a witness to the contract of employment. A *prima facie* case was made out for the jury, when it was proven that he acted for the railroad company. The defendant is then called upon for its defense. If the jury could find that the man was employed by the defendant, the company is liable for their servant who gave the signal for the car to move, when it was not safe to do so. The car struck the pipe and threw it into the trench and hurt the plaintiff.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

DYKMAN and PRATT, JJ., concurred.

PRATT, J. :

Defendant's counsel are quite correct in their contention that the burden of proving negligence rests upon the plaintiff, but we are not able to agree with them that negligence was not shown. The testimony shows that the pipe was standing in full sight of the driver and was, in fact, seen by him before he drove against it. He was aware of the work in progress, and it was his duty to guard against injuring the employees. Of that he was conscious and stopped his car, but his caution did not go so far as to be effectual. Had he looked into the sewer, which would not have required any appreciable time or trouble, he would have seen the plaintiff, and, doubtless, would have given him warning to remove.

Clearly he should not have driven against the pipe unless he knew no one was below it to be injured by its fall. His negligence in so doing is too clear to require argument. The excuse given for his going on, viz., that some one beckoned to him, does not help defendant. That may serve to show that another person was also negligent, but where the negligence of two persons concur to cause an injury, neither person is excused; both are liable. (*Colegrove* v. *N. Y. and N. H. and N. Y. and H. R. R. Companies*, 20 N. Y., 492.) The driver could not excuse himself for not using due care on the ground that he relied upon some other person to do it. Defendant's counsel suggest that the person who beckoned to the driver was probably an employee of the contractor who was build-

ing the sewer. If that were so, it would have no legal importance in this action. The negligence of a co-employee might prevent plaintiff from recovering against the common employer, but it is well settled it will be no defense in an action against another person. (*Perry* v. *Lansing*, 17 Hun, 34; *Young* v. *New York Central R. R.*, 30 Barb., 329.) But we think the evidence tends to show, and, if not contradicted or explained, established that the person who gave the word to the driver to proceed was an employee of defendant for whose negligence it is, of course, responsible. It seems he was not of the sewer party; and the fact that the drivers obeyed his orders is evidence that he was in authority over them. If he was not, it is entirely clear they should not have acted upon his orders.

We think, as argued by plaintiff's counsel that defendant could not relieve itself of the duty to conduct its business safely; and that if it relied upon the contractor to notify his men when cars approached, it did not thereby relieve itself from liability.

The judgment should be reversed and new trial ordered, costs to abide event.

Judgment reversed and new trial granted, costs to abide event.