## LOBDELL *v.* CLARK.

The acts of Congress passed for adjusting land titles within the Territory of Orleans and District of Louisiana, expressly provide that if claimants shall neglect to give notice of their claims, in writing, to the proper officers, or to cause the written evidence of them to be recorded, all their right, so far as derived from the first and second sections of the stat. of 2 March, 1805, shall become void and be forever thereafter barred; nor shall any incomplete grant, warrant, order of survey, deed of conveyance or other written evidence, which shall not be so recorded, be considered, or admitted in evidence, in any court of the United States, against any grant derived from the United States. This is not a mere rule of evidence binding only on the courts of the United States. It is a rule of property.

An order of survey obtained prior to the 1 October, 1800, though the land was actually inhabited and cultivated, had not, under the act of Congress of 2 March, 1805, relative to titles to lands in the Territory of Orleans and District of Louisiana, amended by sec. 1 of the stat. of 3 March, 1807, the effect of a complete title conferring on the grantee absolute ownership, and exempting it from the necessity of being recorded as required by sec. 4 of the stat. of 1805. The exemption only exists in favor of complete french and spanish grants.

No title passed from the french and spanish sovereign for lands in the Territory of Orleans and District of Louisiana by a mere order of survey; until a patent issued, all inchoate grants remained within the discretion of the grantor; and they were not changed in their character by the treaty by which Louisiana was acquired, that treaty imposing on the government of the United States only a political obligation to perfect them, which cannot be enforced by any action of the judicial tribunals.

APPEAL from the District Court of West Baton Rouge, *Nicholls,* J. *Lobdell,* plaintiff, *pro se.* *Elam* and *Robertson,* for the appellants. The judgment of the court was pronounced by

Rost, J. This is a petitory action founded on a patent issued on the certificate of purchase of two preëmption rights. The defendant resists the claim, and alleges that he is the owner of the land covered by the patent, by virtue of an order of survey granted in 1798, under which he alleges that the land has been occupied and cultivated by *Jose Matteo Ugarte,* and those who claim under him, down to the present time. There was judgment against him, and he appealed.

The evidence leaves it extremely doubtful whether the claim of the defendant covers any of the land patented to the plaintiff's vendor. But if it did, it rests upon an incomplete grant, which is not shown to have been presented for confirmation, or recorded, as required by the various acts of Congress passed for ascertaining and adjusting titles and claims to land within the territory of Orleans. Those acts expressly provide that if claimants shall neglect to give notice of their claims in writing to the proper officers, or to cause to be recorded the written evidence of them, all their right, so far as the same is derived from the two first sections of the act of 1805, shall become void, and forever thereafter be barred; nor shall any incomplete grant, warrant, order of survey, deed of conveyance or other written evidence, which shall not be recorded as above directed, ever after be considered or admitted as evidence in any court of the United States, against any grant derived from the United States. Land Laws, pp. 520, 548.

The defendant contends that, by the first section of the act of 1805, amended by the first section of the act of 1807, an order of survey, obtained prior to the first day of October, 1800, where the land was actually inhabited and cul-

LOBDELL    tivated, had the effect of a complete title ; that it conferred on the grantee
*v.*
CLARK.   absolute ownership, and was not required to be recorded under the fourth sec-
tion of the act of 1805. If this construction of the acts of Congress was cor-
rect, it would not avail the defendant, because he has failed to show that the
land claimed was actually inhabited and cultivated by the grantee, or by any
person for him ; the occasional possessions he has shown, being totally uncon-
nected with the order of survey under which he claims. But we are satisfied
that the exception contended for, only exists in favor of complete french and
spanish grants.

It is further alleged that, the right of the defendant to the land, is secured
by the treaty of cession, and could not have been taken away by an act of Con-
gress. This argument takes for granted that the title passed from the sovereign
under an order of survey, even when there was no actual settlement and culti-
vation. But it has been settled by the highest judicial authority that such was
not the effect of inchoate grants ; that until the patent issued, they remained
within the discretion of the grantor ; and that they were not changed in their
character by the treaty by which Louisiana was acquired ; that this treaty im-
posed upon the government of the United States only a political obligation to
perfect them ; and that this obligation, sacred as it may be, cannot be enforced
by any action of the judicial tribunal. *Chouteau* v. *Eckhart*, 2 Howard, 344,
*United States* v. *Wiggins*, 14 Peters, 330. *Pontalba* v. *Copland*, 3 An. 86. ·

It is urged on the authority of *Murdock* v. *Gurley*, 5 Rob. 457, that the pen-
alty imposed by the acts of Congress is a mere rule of evidence binding only
upon the courts of the United States. We cannot view it in that light, con-
sidering, as we do, orders of survey, unattended with actual settlement and
cultivation, as mere equitable claims. under which no title passed. It is un-
doubtedly a rule of property. Since the treaty of cession, the United States
have acted uniformly upon that class of claims by legislation, and their right to
prescribe the mode and the time, by and during which, they might be ripened
into perfect titles, cannot now be doubted.

After extending again and again the time allowed to make proof of inchoate
grants, and complying fully with the political obligation imposed upon them by
the treaty of cession, the land in controversy has remained vacant, and they
have granted it to the plaintiff's vendor, with the solemn pledge that he should
not be disturbed by any inchoate grant not previously made known to the proper
authority. We must hold this grant to be the paramount and better title.

The chain of titles of the plaintiff ascends to the patent, which issued di-
rectly in *Millaudon's* name, as purchaser of the settlement rights of *Jones* and
*Bunker*. This appears to us sufficient in a case where *Jones* and *Bunker* are not
parties.                                            *Judgment affirmed,*