THE UNITED STATES, APPELLANTS, *v.* ARMAND PILLERIN AND OTHERS; THE UNITED STATES, APPELLANTS, *v.* A. B. ROMAN; THE UNITED STATES, APPELLANTS, *v.* CARLOS DE VILLEMONT'S HEIRS AND OTHERS; THE UNITED STATES, APPELLANTS, *v.* JEAN B. LABRANCHE'S HEIRS.

This court again decides, as in 9 How. 127, and 10.How. 609, that French grants of land in Louisiana, made after the treaty of Fontainbleau, by which Louisiana was ceded to Spain, are void, unless confirmed by the Spanish authorities before the cession to the United States.

But if there has been continued possession under the grants so as to lay the foundation for presuming a confirmation by Spain, then the cases are not included within the acts of 1824 and 1844, which look only to inchoate and equitable titles. The District Court of the United States has therefore no jurisdiction.

THESE four cases were land cases, arising under the acts of 1824 and 1844, and were appeals from the District Court of the United States, for Louisiana.

They were cases of French grants made after the treaty of Fontainbleau by which Louisiana was ceded to Spain.

They were argued by *Mr. Crittenden*, (Attorney-General,) for the United States, and by *Messrs. Janin* and *Taylor*, for the appellees, except the second which was argued by *Mr. Soulé*.

Mr. Chief Justice TANEY delivered the opinion of the court.

These four cases are all French grants made after the treaty of Fontainbleau by which Louisiana was ceded to Spain. We have already decided in the cases of The United States *v.* Reynes, 9 How. 127, and The United States *v.* D'Auterive, 10 How. 607, that grants of this description are void, unless confirmed by the Spanish authorities before the cession to the United States. In some of these cases evidence has been offered

The United States *v.* Pillerin et al.

.of continued possession by the grantees of those claiming under them, ever since the grants were made. But if there has been such a continued possession, and acts of ownership over the land as would lay the foundation for presuming a confirmation by Spain of these grants, or of either of them or any portion of either of them, such confirmation would amount to an absolute title, and not an inchoate or imperfect one. For all of the grants are absolute, or upon conditions subsequent; and if they had been originally made by competent authority, would have passed the legal title at the time, subject only to be divested by a breach of the condition, in the cases where a condition subsequent is annexed. Such a title, if afterwards recognized by the Spanish authorities, is protected by the treaty, and is independent of any legislation by Congress, and requires no proceeding in a court of the United States to give it validity.

Titles of this description were not therefore embraced in the acts of 1824 and 1844, under which these proceedings were had. These laws were passed to enable persons who had only an inchoate and equitable title, to obtain an absolute and legal one, by proceeding in the District Court in the manner prescribed. And when the title under which the party claims, would be a complete and absolute one, if granted by competent authority or established by proof, the District Courts have no jurisdiction under the acts of Congress above mentioned to decide upon its validity. The act of 1824 is very clear upon this point; and it has always been so construed by this court.

Upon this ground the decree of the District Court in each of these cases is erroneous and must be reversed and a mandate issued directing the petitions to be dismissed for want of jurisdiction.

But this decision is not to prejudice the rights of the respective petitioners or either of them in any suit where the absolute and legal title to these lands or any portion of them may be in question, or prevent them from showing if they can that the French grant was recognized as valid or confirmed by the Spanish authorities before the treaty of St. Ildefonso.

*Order.*

These causes came on to be heard on the transcript of the record from the District Court of the United States, for the Eastern District of Louisiana, and were argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said District Court in these causes, be, and the same is hereby reversed and annulled, and that these causes be, and the same are hereby remanded to the said District Court with directions to dismiss the petitions of the claimants for want of jurisdiction.