O’NIELL, J.
This is a petitory action, in which the plaintiffs and an intervener, being the widow and heirs of George F. Brott, deceased, claim title to fractional sections 15, 21, and 22, in township 12 south, range 11 east. The land, being in the corporate limits of the city of New Orleans, is also described as city blocks or squares, according to a map of that part of the city.
George -F. Brott acquired title to the fractional section 21, containing 97.48 acres, by patent from the state of Louisiana, dated the 27th of April, 1874, and bought the fractional sections 15 and 22, containing 101.82 acres, from Dr. Andrew W. Smyth, who had acquired title from the state by patent dated June 3, 1874. Brott sold a half interest in the three fractional sections to James G. Richardson, who retroceded it to Brott on the 15th of June, 1875. The land was acquired by the state by virtue of the swamp land grant of March 2, 1849 (9 U. S. Statutes at Large, p. 352), was selected and surveyed, and the selection was approved on the 10th of April, 1874.
Fractional sections 15 and 22 front on the west bank of Bayou St. John; section 15 being immediately north of and adjoining section 22, and fractional section 21 being immediately west of and adjoining section 22. Section 15 is bounded on the north by the Alexander Milne grant, O. B. 164 (section 113), and on the west by section 16, which was the subject of the contest in the suit of the Board of Directors v. New Orleans Land Co., 138 La. 32, 70 South. 27, and in State v. New Orleans Land Co., 143 La. 858, 79 South. 515. Sections 21 and 22 are bounded on the south by the Francois Alpuente grant, R. & R. 223 (section 115); and section 21 is bounded on the north by fractional section 16, and on the west by fractional section 20.
Defendant traces title to a tract having 8 arpents front on Bayou St. John, measured from the southern boundary of the Alexander Milne grant (O. B. 164), by the depth of 40 arpents, to Don Carlos Tarascón, who is supposed to have obtained a grant from the French Governor, Aubry, in 1766. The 8 arpents front by the depth of 40 arpents embraces the northern part, in fact the major part, of fractional section 15.
Defendant traces title to a tract having a front of 3 arpents (approximately 575 feet) on Bayou St. John, measured from the southern boundary of the supposed grant to Don Carlos Tarascón, by the depth of 40 arpents, to Maria Chagne, who is -supposed to have bought the land from Joseph Chagne, who is supposed to have held title under a French or Spanish grant to one De Morant. The tract of 3 arpents (or 575 feet) front by 40 arpents in depth embraces the southern part of the fractional section 15, and perhaps a narrow, triangular strip along the northern edge of fractional section 22.
With regard to the southern part of the land in dispute, defendant attempts to trace title to Francois Alpuente, and contends that the Alpuente grant, R. & R. 223, section 115, which lies immediately south of fractional sections 21 and 22, is erroneously located on the government map, and should be located *137 further north, so as to adjoin the supposed Be Morant grant. Defendant contends that this court decided that the Alpuentp grant should be so located, in the case of Shelly v. Friedrichs, 117 La. 679, 42 South. 218.
The district court gave judgment in favor of the plaintiffs and intervener for all of the land claimed by them; and the defendant has appealed.
With regard to the 8 arpents front on Bayou St. John, embracing the northern and major part of fractional section 15, defendant holds title through mesne conveyances from Andres Jung, who bought from Don Carlos Tarascon, on the 3d of July, 1773, a tract of land described as follows, viz.:
“A plantation situated one league from this city, on Bayou St. John, composed of eight arpents of ground on the front, with the ordinary depth of forty, bounded on one side by another plantation of C. Bartho’iome and on the other side by another plantation belonging to Don Antonio Maxent.”
In the ease of State of Louisiana v. New Orleans Land Co., 143 La. 858, 79 South. 515, where the state claimed title to the fractional section 16, immediately west of the fractional section 15 now in contest,; this court recognized and confirmed the defendant’s title by virtue of the Don Carlos Tarascón grant, embracing the land lying immediately south of the Alexander Milne grant (O. B. 164, section 113), and extending bach 40 arpents from Bayou St. John. The court concluded that there was sufficient proof that such a grant had been made by Governor Aubry, and that, although the grant was made subsequent to the transfer of the Louisiana territory by France to Spain, by the treaty published in Versailles on the 21st of April, 1764, and published in New Orleans in October of that year, nevertheless the grant made by the French Governor was subsequently ratified and confirmed, tacitly, by the Spanish authorities, and was therefore a 'complete grant when the territory of Louisiana was transferred by France to the United States, by the Treaty of Paris, of date the 30th of April, 1803. It is true the court went very far in holding that the grant was a complete grant, which did not need confirmation by the government of the United States; and it might be difficult to reconcile the ruling with some of the provisions of the federal statutes requiring registry of such claims. But the equities were strongly in favor of the defendant, because of the long-continued possession of the land by defendant’s authors in title; and, as an application was made to the Supreme Court of the United States for a writ of certiorari, which was denied, we are not disposed to reconsider the matter. The record in that case, including all of the evidence on the subject of the tacit ratification of the Don Carlos Tarascón grant by the Spanish authorities, is before us in this case. It would be impossible, therefore, to reject defendant’s claim to that part of section 15 which is embraced in the Tarascón grant, without overruling our decision in the case of the State v. New Orleans Land Co. with regard to that part of section 16 which is also within the Tarascón grant; which we decline to do.
With regard to that part of the land in dispute which lies immediately south of the Tarascón grant; between it and the Alpuente grant, defendant’s chain of title ends abruptly in a sale made by Maria Chagne, a free woman of color, to Jose Dupard, on the 10th of September, 1799. The land is described in a translation of the deed as follows;
“Three arpents of ground situated on the Bayou St. John, bounded on one side by lands of Mrs. Widow St. Maxent and on the other by those of Michel Deruisseaux, with a depth and terms shown on a figured plan made by the royal surveyor, Don Carlos Trudeau,, which I [Maria Chagne] have delivered to the purchaser for his information, which land belongs to me [Maria Chagne] through purchase from *139 Jose Chagne about twenty-seven years ago and under private signature;” etc.
[1] The deed does not refer to any grant, either French or Spanish; and there is no proof, not even secondary or parol evidence, that such a grant was ever made by either the French or Spanish government. From the declaration that the land was “shown on a figured plan made by the royal surveyor, Don Carlos Trudeau,” which plan was said to have been delivered to Jose Dupard for his information, it may be inferred that Jose Chagne held under an incomplete concession from the French or Spanish authorities. But there is no evidence that the claim was ever confirmed, either expressly or tacitly, by the Spanish government after the transfer of the territory of Louisiana by France to Spain. There is no evidence that Jose Chagne or any one claiming title from him had possession of the land long enough to acquire title by prescription under the Spanish law, or long enough to warrant the inference that the Spanish authorities tacitly ratified the grant, if in fact a grant was ever made. In fact, there is no proof — nothing more than such inference as may be drawn from the ■recitals in the deed from Maria Chagne to Jose Dupard — that the land was actually possessed, occupied, or cultivated, by any one claiming under the supposed order of survey referred to in the deed from Maria Chagne to Jose Dupard. What is even more important is that no claim to this land, either under an order of survey or by virtue of occupancy or possession and cultivation, was ever presented to any one of the boards of commissioners created by the acts of Congress for the purpose of investigating and either confirming or rejecting incomplete or unrecorded grants made by the French or Spanish authorities. We refer to the Act of Congress of March 2, 1805 (2 Stat. at Large, 324), and section 4 of the Act of Congress of April 25, 1812, chapter 67 (2 Stat. 713), enacted for the protection of claimants who had failed to comply with the provisions of the statute of 1805. Nor was any suit brought to confirm any claim of Jose Chagne, or of any one from whom he claimed title, or of any one claiming title from him, under the provisions of the Act of Congress of June 17, 1844 (5 Stat. at Large, 676),'extending to claimants in Louisiana the provisions of the Act of May 26, 1824 (4 Stat. at Large, 52). By the very terms of the statutes referred to, all incomplete claims from the French, or Spanish government, that were not asserted within the time allowed, were thereafter properly ignored by the Land Department of the United States; and the government was thereafter free to dispose of any such lands, as the legislative department saw fit. Davis v. Police Jury of Concordia Parish, 1 La. Ann. 288; Id., 9 How. 280, 13 L. Ed. 138; Lobdell v. Clark, 4 La. Ann. 99; United States v. Reynes, 9 How. 127, 13 L. Ed. 74; United States v. D’Auterive, 10 How. 609, 13 L. Ed. 560; United States v. Ducros, 15 How. 38, 14 L. Ed. 591; Coffee v. Groover, 123 U. S. 1, 8 Sup. Ct. 1, 31 L. Ed. 51. The case of United States v. Pillerin, Roman, De Villement’s heirs, and Labranche’s Heirs, 13 How. 9, 14 L. Ed. 28, was brought under the provisions of the Acts of May 26, 1824, and June 17, 1844; and the decision had nothing to do with the previous acts of Congress requiring registry of land claims with the boards of commissioners referred to in the statutes. See State v. Bowie Lumber Co., 148 La. 591, 87 South. 305. Our conclusion is that defendant has no title from the government under a supposed grant to De Morant, of the land described in the deed from Maria Chagne to Jose Dupard.
[2] In so far as defendant claims title from Francois Alpuente, it is sufficient to say that the Francois Alpuente grant lies immediately south of and adjoining the land in dispute. Defendant’s counsel are in error *141 in saying that this court decided in Shelly v. Friedrichs, 117 La. 679, 42 South. 218, that the Francois Alpuente grant, and the Louis Allard grant immediately south of it, were located erroneously on the official survey of that township, and that these tracts should be located further north. If such an error was assumed in the case cited, the assumption was an error and was a matter of no importance to the issues presented for decision. There is no reason whatever for assuming that the surveyors located those grants in the wrong place; and, if we thought there was an error in that respect, it would not be our province to correct it. The power 'to make or to correct official surveys of public lands belongs exclusively to the political department of the government, and its decisions are not subject to review by the courts, in suits between individuals. Leader Realty Co. v. Lakeview Land Co., 142 La. 169, 76 South. 599.
■«pefendant pleaded the prescription of 10 and 30 years, but the record does not contain any evidence that defendant or its authors in title had actual possession of the land long enough to sustain either plea of prescription. The .only tract of land that defendant possessed long enough to acquire title by the prescription of 10 years, in township 12 south, range 11 east, is situated in the rear of the Alexander Milne grant, nearly two miles from the land in contest. See Leader Realty Co. v. Lakeview Land Co., 133 La. 646, 63 South. 253, and Id., 142 La. 169, 76 South. 599.
The judgment appealed from is. amended so as to reject the demands of the plaintiffs and intervener, and to recognize the title of the defendant, to that part of section 15 that is embraced within the Don Carlos Tarascón grant, measuring .8 arpents front on the west side of Bayou St. John, measured from the southern boundary of the Alexander Milne grant, O. B. 164 (section 113), and extending westward across said section 15 the depth of 40 arpents. In all other respects, the judgment appealed from is affirmed. The costs of this appeal are to be borne by plaintiffs and intervener in the proportion of oneffialf by Mrs. Martha J. Brott, one-fourth by Robert R. Brott and one-fourth by George O. Brott. Defendant is to pay the costs incurred in the district court.
Rehearing refused by WHOLE COURT.